STATE, Plaintiff in error, vs. GILMER, Defendant in error.

*October 17—November 11, 1930.*

The cause was submitted for the plaintiff in error on the brief of *Arthur M. Sells,* district attorney of Florence county, the *Attorney General,* and *J. E. Messerschmidt,* assistant attorney general.

No appearance for the defendant in error.

NELSON, J. This action is now before the court on a writ of error sued out by the state of Wisconsin to review the action of the county judge of Florence county in dismissing the action and discharging the defendant.

The only question to be decided is whether jeopardy attached by virtue of the arraignment of the defendant before the justice of the peace of Forest county, no jury having been impaneled or witnesses sworn and the action thereafter having been dismissed upon the motion of the district attorney. If jeopardy attached as a result of such arraignment of the defendant before the justice of the peace, then the dismissal of the action by the county judge was proper. If, however, jeopardy did not attach under the circumstances, such dismissal was improper and the action of the county judge in dismissing the complaint and discharging the defendant was error.

Was the defendant placed in jeopardy when he was arraigned before the justice of the peace and pleaded not guilty, no witnesses having been sworn and no jury having been impaneled and the trial not having commenced?

We are clearly of the opinion that under the circumstances detailed the defendant was not placed in jeopardy.

The law relating to jeopardy has been several times considered by this court and, so far at least as the question involved in the instant action is concerned, is settled and established beyond controversy. Jeopardy does not attach until the accused is "put on trial" or, in other words, until the trial has commenced. As was said by this court in *McDonald v. State,* 79 Wis. 651, 653, 48 N. W. 863, " 'Jeopardy' 'is the situation of a prisoner when a trial jury is impaneled and sworn to try his case upon a valid indictment (or information), and such jury has been charged with his deliverance.' " (Citing many cases.) "The accused must be put on trial, and the jury impaneled and sworn, to place him in jeopardy. To put him twice in jeopardy he must be again put upon his trial, before a jury impaneled and sworn, and charged with his deliverance."

The law established in the *McDonald Case* was approved by this court in *Montgomery v. State,* 128 Wis. 183, 195, 107 N. W. 14, in which the facts were quite similar to the

facts in the instant case. The defendant Montgomery was first arrested upon a complaint and warrant charging assault, taken before a justice of the peace where he pleaded not guilty, and the case was adjourned. On the adjourned date he appeared and demanded trial, whereupon the district attorney nolled the case and the action was dismissed and the defendant discharged. Thereafter he was re-arrested on a charge of murder, bound over to the circuit court and put upon his trial, whereupon a plea in bar was interposed on the ground of former jeopardy. A demurrer to the plea was sustained. This was claimed to be error. This court again held that "the accused must actually be put on trial—that is, the trial must have commenced—before he can be said to have been in jeopardy."

The established law as to jeopardy was again stated as recently as 1921. In *State v. B——*, 173 Wis. 608, 182 N. W. 474, on page 613 of the opinion by ROSENBERRY, J., the general rule is stated: "The general rule is that when a person has been placed on trial on a valid indictment or information before a court of competent jurisdiction, has been arraigned and has pleaded, and a jury has been impaneled and sworn, jeopardy has attached."

The holdings of this court are in harmony with the general rule established by the preponderance of judicial opinion and the best considered cases. See 16 Corp. Jur. p. 236, wherein it is said: "The general rule established by the preponderance of judicial opinion and by the best considered cases is that, when a person has been placed on trial on a valid indictment or information before a court of competent jurisdiction, has been arraigned, and has pleaded, and a jury have been impaneled and sworn, he is in jeopardy, but that, until these things have been done, jeopardy does not attach."

To the same effect is 8 Ruling Case Law, p. 138: "A person is in legal jeopardy when he is put on trial, before a court of competent jurisdiction, on an indictment or in-

formation which is sufficient in form and substance to sustain a conviction, and a jury has been charged with his deliverance; and a jury is said to be thus charged when it is impaneled and sworn."

We hold that the defendant, by simply being arraigned before the justice of the peace of Forest county, was not placed in jeopardy, and that the action of the county court of Florence county dismissing said action and discharging the defendant was error.

*By the Court.*—The action of the county court of Florence county in dismissing said action and discharging the defendant is reversed, and said county court is directed to have the said Jesse Gilmer again brought before the court and to proceed with the trial of said action.