STATE, Respondent, vs. DREW, Appellant.

*November 10, 1934—February 5, 1935.*

218

For the appellant there were briefs by *Bogue & Sanderson* of Portage, attorneys, and *T. C. Kammholz* of Portage of counsel, and oral argument by *Mr. Kammholz*.

For the respondent there was a brief by the *Attorney General* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Messerschmidt* and *Mr. Arno J. Miller,* district attorney of Columbia county.

The following opinion was filed December 4, 1934:

FAIRCHILD, J.   In criminal prosecutions, upon motion before trial, evidence will be suppressed when it has been reduced to possession by officers of the state through an unlawful search and seizure by such officers. *Glodowski v. State,* 196 Wis. 265, 220 N. W. 227.   The sufficiency of form and substance of appellant's motion to suppress the evidence in this case is the subject of inquiry on this appeal.   Courts will not deny a litigant a hearing or refuse to protect him in his rights merely because of informality in his application for relief.   But there must be present, when the court passes upon the merits of a motion, adequate grounds for granting the motion or it must be denied.   Motions to suppress evidence as a general practice must be made previous to the trial. Here the appellant, on the day the trial began, January 10, 1934, but before the selection of the jury, filed an affidavit and made the following statement to the court at that time:

"We have a motion to take up with the court and I guess we can take it up at this time, and that is a motion to suppress the evidence.   I think it will be admitted by the district

attorney in this case that the evidence which they are intending to offer here, the skins, were taken in the early part of December [November] as a result of a pretended search warrant, which search warrant attempted to cover and describe the Drew house at the city of Wisconsin Dells, but which covered no other buildings, and that the search was made of a garage where the skins were found without any pretense of a warrant, and that the deputy game warden, Mr. Johnson, had to smash open a window or door to get in, and that, we contend, that this is absolutely illegal."

The affidavit, the only pleading or attempt at proof of the way the skins were possessed by the officers, was presented to the court and is set out in the statement of facts. The foregoing is a description of the state of the record at the time the motion was denied by the learned trial judge. Was there a sufficient showing of an unlawful search and seizure to warrant the court in holding that the constitutional rights of appellant had been unlawfully invaded by an officer of the state? An order suppressing evidence is made upon the theory that it is a necessary measure to be taken in the protection against the invasion of rights of citizens by officers whose duty it is to detect and prosecute crime. The evidence obtained does not become irrelevant or immaterial by reason of its being illegally obtained. The idea is to prevent a defendant from being placed at a disadvantage, and further, that by making the evidence incompetent, private rights protected by the constitution will be less likely to invasion because the efforts of officers in that direction are thereby made ineffective for the purpose they seek to serve. The evidence may be ever so convincing, but because of the methods by which it was obtained, it is to be suppressed and may not be used upon the trial of the defendant upon the charge to which such evidence relates. The manner in which articles sought to be used are obtained does not destroy the probative value of the evidence, nor does it create a situation akin to the fabrication of testimony or of attempts at subornation

of perjury by a party in the case on trial. In fact, the offense of the officer is distinct from and unrelated to the offense for which the defendant in a criminal case is on trial. An officer acting under an illegal search warrant, or an officer exceeding his authority in the manner of search and seizure, transgresses a right of a citizen for which the citizen may have his redress against the officer or the party on whose complaint the action was taken.

Upon a motion to suppress evidence because of an unlawful seizure, the burden of establishing that his rights have been transgressed is upon the party asserting such transgression. *Alexander v. State,* 35 Okla. Cr. 126, 248 Pac. 873. Upon such a motion the court is not concerned with the guilt or innocence of the defendant, but only with the question of whether there was proof to sustain a finding of probable cause upon which to issue the search warrant. In deciding this fact, the court considers "only the record made before the search warrant was issued." *Glodowski v. State, supra.* There was a search warrant and the record upon which it issued and the proceedings thereunder were facts of utmost importance. Appellant, upon the motion to suppress, did not bring the search warrant before the court either by having the magistrate who issued it and to whom it was returned produce it, or by setting out in his motion a true copy thereof. It was said in *Bergman v. State,* 189 Wis. 615, 618, 208 N. W. 470, that "where a search warrant is issued it will be presumed that the magistrate concluded that he had probable cause." In *Glodowski v. State, supra,* page 268, Mr. Justice STEVENS said:

"Before a search warrant can be issued the magistrate must perform a judicial function by determining whether probable cause has been established by oath or affirmation. 'It is not a mere ministerial or administrative act.' *State v. Baltes,* 183 Wis. 545, 552, 198 N. W. 282. Like any other judicial finding, the finding of probable cause must be based upon proof of facts and circumstances."

The duty of appellant to support his motion by bringing before the court ultimate facts necessary to be before the court to enable it to form a judgment upon the merits of the matter to be then considered was not complied with in this case. No positive presumption of validity exists to protect an officer acting under a search warrant or under statutory authority for making a search of suspected premises as provided for in sec. 29.05 (6), Stats. But it will be presumed that officers acted within their province until a showing to the contrary appears, and the trial court will not suppress the evidence in the absence of such required proof. Until the record discloses to the court that the proof did not sustain a finding of probable cause for the issuing of a search warrant or that some other defect of a vital nature existed, the motion must be denied.

The evidence challenged was admissible because it was not shown to be affected by the means through which the officers obtained it. Upon the motion to suppress, the record was left in such a condition that the trial court was not warranted in deciding that what was done in the matter of securing the evidence was not done by virtue either of a valid search warrant or that the evidence was obtained by some other lawful means. With this question resolved against the appellant, no valid objection exists as to the competency of the state's evidence. The judgment below must be affirmed for the state of the evidence is clearly such that a jury question existed and the verdict of the jury was approved by the trial court. We have not considered on this appeal the supplemental return, because we are of the opinion that appellant's objection to the filing thereof is a valid objection.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, without costs, on February 5, 1935.