STATE, Plaintiff in error, vs. HUNTER, Defendant in error.

*May 10—June 4, 1940.*

For the plaintiff in error there was a brief by the *Attorney General, Herbert J. Steffes,* district attorney of Milwaukee county, and *Gene L. Green,* assistant district attorney, and oral argument by *Mr. Green.*

*James W. Dorsey* of Milwaukee, for the defendant in error.

MARTIN, J.   On the evening of August 14, 1937, an officer of the Milwaukee police department entered the premises occupied by the defendant in the city of Milwaukee to search

for gambling devices concealed upon said premises. This entry was made under a valid search warrant duly issued and executed. While said police officer was upon the premises engaged in searching for gambling devices, he discovered a quantity of alcoholic liquor, not stamped as required by sec. 139.03 (8), Stats. 1933. The police officer by sight, taste, and smell determined that what he found was alcoholic beverage and that it was unstamped. On August 16, 1937, he made complaint under oath to the district court of Milwaukee county for a warrant to search the premises, which were still occupied by the defendant, to discover such alcoholic beverages as were not stamped as required by law.

As a basis for the search warrant, the police officer was sworn, his testimony was taken, transcribed, and filed in the district court of Milwaukee county. The officer testified as to his search of the premises in question on August 14, 1937, for gambling devices, that while in the place, he found, smelled, and tasted whiskey and alcohol contained in cans and jugs, that there was about seven gallons of the illicit liquor. He further testified as to the location and description of the premises, and gave a description of the occupant thereof in detail. Upon the testimony of the officer so taken, and upon his complaint for a search warrant, the district court issued the search warrant in question.

On the same date the officer made return to said court of the search warrant so issued, in which he certified that by virtue thereof he searched the premises and found seven gallons of alcohol in two five-gallon cans and one-half gallon of whiskey in a gallon jug; that he then had possession of same subject to the disposition of the court.

On August 17th a criminal warrant was issued out of said court against defendant wherein it was charged that on August 16, 1937, in the county of Milwaukee, Wisconsin, defendant did unlawfully have in his possession with intent to sell, offer, or expose for sale, barter, exchange, or give away intoxicating liquor within this state, and not for ship-

ment in interstate commerce, or sale, or shipment by a manufacturer to a rectifier of intoxicating liquors, without having first affixed to the containers in which the same was placed the stamps required by ch. 139, Stats. 1933, contrary to the statute in such cases made and provided, etc.

The record shows that the defendant was brought before the district court upon said criminal warrant on August 17, 1937, and that before entering a plea to the offense charged in said warrant, defendant made and filed an affidavit of prejudice against the Hon. GEORGE E. PAGE, the judge of said court. Thereafter, and on August 30, 1937, the case came on for hearing, by mutual consent of all parties, before Hon. CARL RUNGE, one of the judges of the civil court of Milwaukee county, presiding. Thereupon defendant entered a plea of not guilty. Before any witness was sworn or other proceedings had, except entry of the plea of not guilty, defendant's attorney moved to suppress the evidence (the illicit alcoholic liquor) on the ground that same was obtained illegally. The record shows that upon completion of the argument on said motion the court granted defendant's motion to suppress the evidence, and without further proceedings, and without stating any reason therefor, discharged defendant.

Two questions are presented: (1) Does a writ of error lie on behalf of the state to an adverse judgment of the district court rendered before jeopardy has attached? (2) Was the search warrant properly issued on sufficient evidence disclosed in a previous legal search?

It is important to note that the district court of Milwaukee county is a court of record. Sec. 251.08, Stats. 1937, provides for an appellate jurisdiction in the supreme court in all matters of appeal, error, or complaint from the judgments of "circuit courts, county courts or other courts of record." Sec. 358.12 (3), Stats. 1937, provides:

"A writ of error may be taken by and on behalf of the state in criminal cases: . . . .

"(3) From any final order or judgment, adverse to the state, made or rendered before jeopardy has attached."

Sec. 358.13, Stats. 1937, provides:

"In all cases in which a writ of error is authorized by law to be issued by the supreme court to review any judgment or order in a criminal case, the party entitled to obtain such writ *in lieu thereof* may take an appeal from such judgment or order to the supreme court to obtain such review, by serving notice of appeal and procuring return to be made in the manner provided by law in civil cases. The time within which a writ of error may be issued or an appeal taken to obtain a review by the supreme court of any judgment or order in any criminal case is limited to one year from the date of entry of such judgment or order."

In the instant case, the state chose to bring the record to this court on a writ of error as it had the right to do.

There can be no doubt that the order and judgment here under review is a final order and judgment adverse to the state. The court not only granted defendant's motion to suppress the evidence, it discharged defendant from custody. Before the search warrant issued in the instant case, the officer was sworn and fully disclosed his source of information as to defendant's possession of illicit alcoholic liquor, not stamped as required by law. The search warrant was issued under sec. 363.02 (9), Stats. 1937, which provides as follows:

"Any such magistrate [any magistrate authorized to issue warrants in criminal cases] when satisfied that there is reasonable cause, may also, upon like complaint made on oath, issue such warrants in the following cases, to wit: . . .

"(9) To search for and seize any intoxicating liquor, fermented malt beverages, or alcohol, possessed for the purpose of evading any law of this state, or property designed for the unlawful manufacture of intoxicating liquor, fermented malt beverages or alcohol. Any property seized on any such warrant shall not be taken from the officer seizing the same on any writ of replevin or other like process."

The phrase "reasonable cause" in sec. 363.02, Stats., quoted above, is synonymous with the words "probable cause."

" 'The term probable cause has a well-defined meaning in the law, which is the existence of such facts and circumstances as would excite an honest belief in a reasonable mind, acting on all the facts and circumstances within the knowledge of the magistrate, that the charge made by the applicant for the warrant is true. . . . It follows from the above definitions of probable cause that it is not necessary that there should be positive proof of the existence of the facts upon which the issuance of a search warrant is based. It is sufficient that the sworn proof is of such a character as to induce in the mind of the magistrate an honest belief that they exist.' " *State v. Brockman,* 231 Wis. 634, 637, 283 N. W. 338, and cases cited.

We are of the opinion that the evidence of the officer, given under oath before the examining magistrate, was sufficient to support his finding of probable cause justifying the issuance of the search warrant; that the search was not unreasonable; and that the evidence (illicit alcoholic liquor unstamped) obtained was proper, competent evidence and should not have been suppressed. Clearly, the court erred, both in suppressing the evidence and in discharging defendant from custody.

The only further question we need consider is whether the order and judgment suppressing the evidence and discharging defendant from custody were rendered before defendant had been put in jeopardy. In *State v. Gilmer,* 202 Wis. 526, 528, 232 N. W. 876, it is held: •

"Jeopardy does not attach until the accused is 'put on trial' or, in other words, until the trial has commenced. . . . 'Jeopardy' 'is the situation of a prisoner when a trial jury is impaneled and sworn to try his case upon a valid indictment (or information), and such jury has been charged with his deliverance.' (Citing many cases.) 'The accused must be put on trial, and the jury impaneled and sworn, to place him

in jeopardy. . . .' " See also *State v. Brooks,* 215 Wis. 134, 254 N. W. 374 and *Pepin v. State ex rel. Chambers,* 217 Wis. 568, 570, 259 N. W. 410.

What is said above refers to cases tried to the court and jury. However, the same rule applies where jury trial is waived, the only difference being in the latter case as to the time when jeopardy attaches. In 16 C. J. p. 245, § 386, it is said:

"Jeopardy does not attach where the question submitted for the consideration of the *court* or jury is one which is merely preliminary or collateral to the trial of the question of the guilt or the innocence of accused."

In the instant case, defendant's motion to suppress the evidence was made preliminary to the trial. There is nothing in the record to show that defendant had waived his right of trial by jury. Motions to suppress evidence, as a general practice, must be made previous to the trial. *State v. Drew,* 217 Wis. 216, 219, 257 N. W. 681; *Glodowski v. State,* 196 Wis. 265, 268, 220 N. W. 227. We must hold that defendant had not been put in jeopardy at the time his motion to suppress the evidence was made.

*By the Court.*—Order and judgment suppressing the evidence and discharging defendant from custody are reversed, and cause remanded with directions to deny defendant's motion to suppress the evidence and for further proceedings according to law.