(No. 46289.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. ROBERT WILLIAMS, Appellant.

*Opinion filed November 27, 1974.*

James J. Doherty, Public Defender, of Chicago (Stanton Bloom, Assistant Public Defender, of counsel), for appellant.

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (James B. Zagel, Assistant Attorney General, of Chicago, and Patrick T. Driscoll, Jr., and Thomas D. Rafter, Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE RYAN delivered the opinion of the court:

Defendant was found guilty of armed robbery by a jury in Cook County and was sentenced to a term of not less than 7 nor more than 12 years. The appellate court affirmed with one justice dissenting (14 Ill. App. 3d 572), and we granted leave to appeal. The defendant contends that he was denied due process of law by being required to choose between the right to effective assistance of counsel and the right to a trial within 120 days. Ill. Rev. Stat. 1971, ch. 38, par. 103–5.

The defendant was arrested on September 21, 1970.

On January 18, 1971, the 119th day of his confinement, he was arraigned and the public defender was appointed to represent him. The defendant had been indicted with Issac Smulligan and Timothy Williams (not related to the defendant) for an armed robbery committed on September 21, 1970. Issac Smulligan had been at liberty on bond and was represented by a privately engaged attorney. Robert Williams and Timothy Williams had been incarcerated since the date of their arrest. At the arraignment the public defender entered pleas of not guilty for both Robert Williams and Timothy Williams, and their case was referred to another courtroom for trial. The public defender then talked to the two defendants and informed the judge that he would like some time to investigate the case. However, the defendants had indicated that they were ready for trial, and Robert Williams stated "We demand trial now." It is apparent that Robert Williams was aware of the 120-day statute, and it is also apparent from his conversations with the court that he had received some erroneous advice while in jail concerning when the 120-day rule is satisfied. He was of the opinion that the 120-day period would expire before he was tried and he did not want to have any delay attributed to him. However, the court informed this defendant that once they started picking the jury the requirements of the statute would be satisfied.

The public defender then filed a motion for discharge of both defendants under the 120-day statute. He also filed a motion to quash the arrest and a motion to suppress the evidence and to suppress identification testimony. The court permitted the filing of these motions prior to the commencement of the selection of the jury and continued the hearing on the motions until after the jury had been selected. Prior to trial Timothy Williams entered a plea of guilty.

The dissenting appellate justice found that the defendant had not been brought to trial within the 120 days as required by statute (14 Ill. App. 3d at 582). We do not

agree with this finding. The pertinent statute provides:

> "Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant \*\*\*." (Ill. Rev. Stat. 1971, ch. 38, par. 103—5(a).)

The trial commenced on January 18, 1971, the 119th day after the defendant's incarceration. Late in the afternoon of that day the venire was brought into the courtroom, and the prospective jurors were sworn to answer the questions of court and counsel, informed of the case they would be trying, including the nature of the offense and the names of the defendants, and were briefly told what their duties would be. A panel of 12 was placed in the jury box and the *voir dire* examination commenced. The statute was satisfied by beginning the process of selecting the jury for the trial of the case. See *People v. Scott,* 63 Ill. App. 2d 232, 243; *People v. Katzman* (1968), 258 Cal. App. 2d 777, 66 Cal. Rptr. 319.

The selection of the jury continued during Tuesday, January 19, and Wednesday, January 20, and was concluded on Thursday, January 21. During the remainder of Thursday, January 21, and on Friday, January 22, the court heard evidence and arguments concerning the motions that defendant had filed. On Monday, January 25, the trial continued with the prosecution's opening statement and the presentation of evidence. Defense counsel waived opening statement. Following the evidence offered by the prosecution defendant Robert Williams testified in his own behalf and called no other witnesses. The jury was instructed and on Tuesday, January 26, returned a verdict of guilty.

There is no explanation as to why defendant was not arraigned and counsel appointed to represent him until the 119th day after his incarceration. There appears to be a growing tendency to countenance such delay, a practice which causes this court considerable concern, and a

practice which harbors the danger of denying the defendant the effective assistance of counsel.

However, we cannot conclude as the defendant contends that he was denied due process of law by being required to choose between the right to the effective assistance of counsel and the right to a speedy trial. This court stated in *People v. Johnson*, 45 Ill.2d 38, 43-44:

> "To argue that he was forced to choose as he did is to argue technicalities. The right to a speedy trial and the right to avoid a precipitous trial are separate but related rights. Both are designed to assure an accused a fair trial, to prevent undue delay in one instance and undue haste in the other. He can demand action or avoid action as the exigencies of his situation may dictate. But fairness and justice are not a one-way street. \*\*\* The fact that on occasion the accused might have to jeopardize the legislative benefits of the four-month rule by asserting his right to a continuance does not entail a denial of his right to a speedy trial. \*\*\* The election was defendant's to determine on the basis of what would better ensure him a fair trial, and, having chosen to proceed, his present argument is nothing more than technical obfuscation."

We furthermore find that by electing to proceed to trial the defendant was not denied effective assistance of counsel. Although his counsel informed the court that he needed a continuance to prepare for trial the defendant would not agree to a continuance thinking that such a continuance would "break the term." He mistakenly insisted that the trial did not start for purposes of tolling the 120-day period until after the jury was selected. During the *voir dire* examination the defendant filed a *pro se* motion for discharge even though his counsel had prepared and filed one. He insisted on interrupting his counsel. He stated in the presence of the jury that he did

not want this attorney to represent him. He attempted to select the jury himself, and after certain jurors had been selected he stated that he did not want those jurors to try him. He insisted that he wanted to argue a motion which he had presented before proceeding with the selection of the jury, and when the court denied the motion he insisted on appealing the ruling to the appellate court before continuing with the jury selection. He generally disrupted the proceedings to the extent that the court warned him that he would be removed from the courtroom if he persisted in this course of conduct. Although the *voir dire* examination was not transcribed, we learn of most of this conduct through the court's admonition to the defendant and from his counsel's statement to the court. We can only conclude that the defendant was obviously attempting to delay the completion of the selection of the jury until after the expiration of the 120-day period.

As previously noted, defense counsel asserted that he needed time to investigate the case and locate a witness named Margaret Leonard, a girl friend of the defendant who was with him at the time of his arrest. The court was lenient in giving defense counsel time during the course of the trial to locate witnesses and to prepare his defense. On January 21, before any evidence was offered by the prosecution, the defense counsel told the court that he had located some witnesses and that he had been in contact with Margaret Leonard's sister, who indicated that Margaret would be in court. He informed the court that he had been able to complete his investigation, that he was adequately prepared to go to trial and that he was withdrawing his motion for a continuance. Now the defendant contends that he was prejudiced by the inability of his counsel to locate Margaret Leonard. The record does not reflect that counsel was unable to locate Margaret Leonard. As far as the record is concerned, it is possible that she was located and that the defense counsel, having found her testimony not to be helpful, decided not to have

her testify. On Monday, January 25, when the court adjourned for the day, the prosecution stated to the court that it would rest its case during the next day. Defense counsel then stated "I hope we can get Margaret Leonard here. I have people out looking for her." The next day, after the prosecution rested, defense counsel announced: "The defense is ready to proceed." Neither defendant nor his counsel asked the court for a continuance for any purpose, nor did they indicate they were in any way unprepared to present the defense. Defense counsel did not inform the court then or at any later time during the trial whether or not he had been in contact with Margaret Leonard.

We stated in *People v. Thomas,* 51 Ill.2d 39, 44: "The defendant apparently assumes that a more thorough investigation by his counsel would produce evidence favorable to him. This is pure conjecture. *** A claim of prejudice cannot be based on mere conjecture. *People v. Gonzales,* 40 Ill.2d 233." The language of *Thomas* is particularly appropriate in this case.

We do not commend the practice of permitting a defendant to languish in jail until the prosecutor, faced with the statutory time limitation on incarceration, is compelled to precipitously bring the defendant to trial. For this reason we have searched the record for evidence of prejudice to the defendant which may have resulted from this procedure. Following such a search we not only conclude that the defendant has failed to demonstrate any prejudice but we also find that the record discloses none. We, therefore, conclude that the defendant was not denied the effective assistance of counsel. The court and the prosecutor during the trial cooperated by permitting the trial to move slowly, giving the public defender's investigators time to investigate the offense. The defense counsel had a copy of the grand jury minutes, a transcript of the preliminary hearing, and copies of police reports for use during the cross-examination of the State's witnesses. The

evidence against the defendant was substantial and would have been difficult if not impossible to overcome. He was identified and picked out of a lineup by two witnesses less than an hour after the robbery. One of his accomplices following the robbery was seen getting into the back seat of the car the defendant was driving, and when the car was stopped by an officer the accomplice was seen stuffing something behind the rear seat. Upon examination, the something proved to be $192 in currency, most of which was one dollar bills and corresponded to the amount and denomination of bills taken in the robbery. In view of the evidence presented, we cannot see how additional preparation for trial would have benefited the defendant.

The judgment of the appellate court is affirmed.

*Judgment affirmed.*