STATE EX REL. Robert TAYLOR, Plaintiff-Respondent,

v.

Marge LINSE, Division (Department) of Corrections, Department of Health & Social Services, Respondents-Appellants.

Court of Appeals

*No. 90–1663. Oral argument February 22, 1991.—Decided March 12, 1991.*

(Also reported in 469 N.W.2d 201.)

720

On behalf of the respondents-appellants, the cause was submitted on the briefs of *Donald J. Hanaway,* attorney general and *Gregory M. Posner-Weber,* assistant attorney general.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *John D. Lubarsky,* assistant state public defender.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J.   The department of corrections appeals an order prohibiting the department from restricting Robert Taylor's travel in the village of Eau Galle. The department argues that the court has no authority to review or modify specific rules of supervision established by the department for a particular probationer. Because the court has authority to modify all terms and conditions of probation established for a particular defendant, we affirm the order.

Taylor entered a plea of no contest to one count of neglecting a child and was placed on probation by the court with a condition of probation that he avoid intentional contact with the victim. Marge Linse, Taylor's probation agent, added thirty rules of supervision including both general rules and special rules that were specific to Taylor. One of these special rules of supervision precluded Taylor from traveling into Eau Galle at certain times.

Taylor objected to this special rule and filed a motion asking the court to modify the conditions of his probation. The court agreed with Taylor that the restriction on travel to Eau Galle was inappropriate and inconsistent with the defendant's rehabilitation because it restricted his ability to establish a normal parental relationship with his daughter, including engaging in a series of extracurricular and social activities that the court believed were important to the defendant's rehabilitation. Consequently, the court modified the conditions of probation by striking the special rule imposed by Linse. The court then ordered the department to not interfere with Taylor's travel to Eau Galle.

Section 973.09(1)(a), Stats., authorizes the court to place a defendant on probation and to impose reasonable conditions of probation. Section 973.09(3)(a) provides that a court may modify the "terms and conditions" of probation.

The issue presented is whether sec. 973.09(3)(a), Stats., authorizes the court to modify special rules of supervision established by the department for a specific probationer.[1] The construction of a statute is a question

[1]The department also argues that the court abused its discretion by issuing a writ of prohibition against the department. The parties agree, however, that this issue need not be addressed if we

of law that we review without deference to the trial court's determination. *In re R.B.,* 108 Wis. 2d 494, 496, 322 N.W.2d 502, 503 (Ct. App. 1982). The purpose of statutory construction is to ascertain and give effect to the legislature's intent. *In re P.A.K.,* 119 Wis. 2d 871, 878, 350 N.W.2d 677, 681 (1984). In construing a statute, first resort is to the language itself. *Id.* A statute is ambiguous if reasonably well-informed persons could understand it in more than one way. *Id.* at 878–79, 350 N.W.2d at 682.

■ Section 973.09(3)(a), Stats., is ambiguous. The statute refers to "terms and conditions" of probation. This language may be read to refer to only the court-imposed conditions of probation or to encompass all conditions of probation established for a specific probationer, including those imposed by the department.

■ We first note that the word "terms" seems to provide for judicial review of something other than court-imposed conditions of probation. We are required to give each word of the statute meaning and should avoid an interpretation of the statute that would render statutory language superfluous. *Donaldson v. State,* 93 Wis. 2d 306, 315, 286 N.W.2d 817, 821 (1980). Section 973.09(1)(a), Stats., authorizes the court to impose "conditions," but subsec. (3)(a) allows the court to modify both "terms" and "conditions." Giving effect to the word "terms" suggests that the court has authority to modify not only court-imposed conditions of probation, but also other terms of probation that may be imposed on a specific probationer.

conclude that the court has the authority to review and modify special rules of supervision imposed by the department on a specific probationer.

The intent of a particular statutory section must be derived from the act as a whole. *State v. Tollefson,* 85 Wis. 2d 162, 167, 270 N.W.2d 201, 203 (1978). The legislature has given trial courts wide latitude in their sentencing determinations. The court alone determines whether the facts of a particular case suggest probation as an appropriate disposition. If, in its exercise of discretion, the court places the defendant on probation, the court may add conditions to that probation. When the department imposes additional conditions on the probationer, the court is best able to determine whether these additional conditions are consistent with the probationary program envisioned by the court.

This construction is consistent with the department's own definition of the word "conditions." Wisconsin Adm. Code sec. DOC 328.03(11) states: " 'Conditions' means specific regulations imposed on the client by the *court or department.*" (Emphasis supplied.) This definition includes specific rules imposed upon a client by the department as a condition of probation.

Also, the department's complaint process is inadequate to address conflicts between court- and department-imposed conditions of probation. This process provides for departmental review of client complaints regarding decisions affecting their supervision. This complaint process specifically exempts the review of court-imposed conditions of probation. Wis. Adm. Code sec. DOC 328.11(4)(e). The complaint process, therefore, cannot effectively resolve conflicts arising between conditions of probation imposed by the court and those imposed by a department agent. Because the complaint procedure is inapplicable to such conflicts, a construc-

tion of sec. 973.09(3)(a), Stats., that precludes the court's authority to modify special rules of supervision imposed by the department would leave the probationer without recourse for resolving alleged conflicts arising between court-imposed conditions and special rules of supervision imposed by the department.

We therefore conclude that sec. 973.09(3)(a), Stats., encompasses not only court-ordered conditions of probation but also special rules of supervision imposed by the department. While we need not reach the issue, we note that the general rules of supervision established by the department for all probationers are not subject to direct court review but must be appealed through the administrative procedure established by sec. DOC 328.11. However, if a court-ordered condition and a general rule conflict, the court condition will prevail because sec. 973.09(1)(a) specifically authorizes the court to impose such conditions.

The state argues that our interpretation of sec. 973.09(3)(a), Stats., will create an administrative nightmare with the courts continually interfering with and modifying special rules of supervision imposed by the department. We recognize that unrestrained court interference with the department would substantially hamper the department in carrying out its purposes. We believe, however, that courts will exercise their power of review circumspectly and with restraint. We believe only when special rules conflict with the program of rehabilitation ordered by the court will courts order modification of said special rules. We do not believe courts will rush to oversee the special rules of supervision imposed by the department. If this power of review does prove

problematic, it is a problem that must be resolved by the legislature.

*By the Court.*—Order affirmed.