STATE of Wisconsin, Plaintiff-Respondent,

v.

Juan F. GONZALEZ, Defendant,

Daniel L. GARRITY, Appellant.

Court of Appeals

*No. 92–1530. Submitted on briefs October 13, 1992.—Decided November 25, 1992.*

(Also reported in 493 N.W.2d 410.)

For the appellant the cause was submitted on the brief of *Jennifer L. Weston* of Fort Atkinson.

For the plaintiff-respondent the cause was submitted on the brief of *Kevin M. Schram*, district attorney, of Juneau.

Before Eich, C.J., Dykman and Sundby, JJ.

DYKMAN, J.     Daniel L. Garrity appeals from a contempt order confining him to the Dodge County Jail until either he is willing to testify in the trial of Juan F. Gonzalez or such trial concludes, but in no case for longer than one year. The issues on appeal are: (1) whether the proceeding at which Garrity was found in

contempt was a jury trial and (2) whether the trial court erred in penalizing Garrity's contempt under sec. 972.08(2), Stats., rather than under sec. 785.04(2)(b), Stats.[1]

We conclude that the proceeding in which Garrity defied the court's order to testify was in the nature of a pretrial motion hearing and not a jury trial. Furthermore, we conclude that the trial court erred in issuing its summary contempt order pursuant to sec. 972.08(2), Stats., and, therefore, we reverse.

## BACKGROUND

On October 30, 1991, Garrity and five others, including Gonzalez, were charged with conspiracy to deliver more than 100 grams of cocaine. The circuit court severed the trials and scheduled Garrity to be tried first despite Gonzalez's demand for a speedy trial. During the course of plea negotiations, Garrity gave a statement which further implicated Gonzalez in the alleged

---

[1] Section 972.08(2), Stats., provides:

Whenever a witness attending in any court trial or appearing before any grand jury or John Doe investigation fails or refuses without just cause to comply with an order of the court under this section to give testimony in response to a question or with respect to any matter, the court, upon such failure or refusal, or when such failure or refusal is duly brought to its attention, may summarily order his confinement at a suitable place until such time as the witness is willing to give such testimony or until such trial, grand jury term or John Doe investigation is concluded but in no case exceeding one year. No person confined under this section shall be admitted to bail pending the determination of an appeal taken by him from the order of his confinement.

Section 785.04(2)(b), Stats., provides:

A court, after a finding of contempt of court in a summary procedure under s. 785.03(2), may impose for each separate contempt of court a fine of not more than $500 or imprisonment in the county jail for not more than 30 days or both.

conspiracy. The negotiations failed and Garrity pled guilty as charged on April 21, 1992.

While awaiting sentencing, Garrity was subpoenaed to testify at Gonzalez's trial which was set for May 7, 8 and 11, 1992. Concerned that Garrity might refuse to testify against Gonzalez even if granted immunity, the prosecution sent a letter to the court on May 6, 1992, requesting that Garrity be called before a jury was impaneled. The purposes in doing so were to resolve issues of privilege and immunity and to avoid the possibility of a protracted continuance or a mistrial after the jury was sworn and jeopardy had attached.

On May 7, 1992, the case was called for trial, and both the prosecution and the defense informed the court that they were prepared to proceed. Before the venire appeared in the courtroom, Garrity was called to testify. Garrity invoked the fifth amendment when questioned about his statement given during plea negotiations, and the prosecution moved the court to grant Garrity use immunity under secs. 972.08(1) and 972.085, Stats. Although the court granted the motion and ordered Garrity to answer questions concerning his statement, he refused to do so. The court found Garrity in contempt, and pursuant to sec. 972.08(2), Stats., ordered him to be confined until he would be willing to testify or the trial concluded, but in no case for more than one year.

The prosecution then moved for an indefinite continuance of the trial until Garrity indicated his willingness to testify. Despite objections by the defense and Garrity's counsel, the motion was granted.[2] After a dis-

---

[2] The defense objected on the grounds that the prosecution should not have waited until the day of trial to resolve the immunity issue and that a considerable amount of time and money had already been expended in preparing for trial. Garrity's counsel objected to the prosecution's use of his statement as a basis for

cussion of the nature of the proceeding which had just taken place, the trial court ruled that it was the beginning of a jury trial.

## NATURE OF PROCEEDING

Garrity argues that the trial court erred in ruling that the May 7, 1992 proceeding was a jury trial. Citing *State v. Gilmer*, 202 Wis. 526, 528, 232 N.W. 876, 877 (1930), he maintains that as the jury had not yet been impaneled and sworn to try Gonzalez's case, a jury trial was not in progress when he was found in contempt. We reach the same conclusion taking a different approach.

*Gilmer* merely holds that jeopardy attaches when the jury is sworn, a principle that has been codified in sec. 972.07(2), Stats. Neither *Gilmer* nor any other Wisconsin case addresses the question of when a jury trial begins. Courts in other jurisdictions have held that a jury trial starts with the process of selecting the jury. *See Coachella Valley County Water Dist. v. Dreyfuss*, 154 Cal. Rptr. 467, 471 (Cal. Ct. App. 1979); *People v. Williams*, 320 N.E.2d 849, 850 (Ill. 1974). Because of potential delays in jury selection and other administrative considerations, we conclude that the better rule is that a jury trial commences with the administration of the jury's oath pursuant to sec. 756.098(1), Stats.

Based on the foregoing, we hold that the proceeding in question was a pretrial motion hearing and not a jury trial.

## CONTEMPT PENALTY

Garrity contends that by using the term "court trial" in sec. 972.08(2), Stats., the legislature intended to

finding that he was a necessary witness and, ultimately, for the contempt and continuance orders.

580

exclude acts of contempt in jury trials and all pretrial proceedings from the statute's reach. Thus, such acts may only be punished under the provisions of sec. 785.04, Stats. The state asserts that the term reflects the legislature's intent that the sec. 972.08(2) sanction applies to contempt in all proceedings in criminal cases enumerated in sec. 972.08(1), Stats.— preliminary examination, criminal hearing and trial.

Because we held that the May 7, 1992 proceeding was not a jury trial, we only address the appropriate sanction for contempt in a pretrial proceeding. We conclude that the trial court erred in summarily ordering Garrity's confinement under sec. 972.08(2), Stats., rather than sec. 785.04(2)(b), Stats.

In construing statutes, our purpose is to ascertain and give effect to the legislature's intent. *State ex rel. Taylor v. Linse*, 161 Wis. 2d 719, 723, 469 N.W.2d 201, 202 (Ct. App. 1991). We first examine the statute's language, and if it is unambiguous, it is our duty to give that language its ordinary meaning. *Gauger v. Mueller*, 149 Wis. 2d 737, 740, 439 N.W.2d 637, 638 (Ct. App. 1989). Additionally, we consider sections related to the statute being interpreted and presume that the legislature carefully chose its terms to express its meaning. *Id.*

The state's interpretation of sec. 972.08(2), Stats., violates these principles in two respects and must be rejected. First, the word trial is unambiguous. Thus, we must give the word its ordinary meaning— "a judicial examination of the issues between the parties whether they be issues of law or of fact." *Pulaski v. State*, 23 Wis. 2d 138, 142, 126 N.W.2d 625, 628 (1964), *cert. denied*, 379 U.S. 862 (1964). At the proceeding at which Garrity was called to testify, there were no issues between the state and Gonzalez being examined. Consequently, the

581

proceeding was not a trial, and Garrity's refusal to testify was not subject to the sec. 972.08(2) sanction.

The other flaw in the state's argument is that contrary to our presumption, the legislature would have to have been so imprecise in enacting the statute as to equate the term "trial" with the terms "preliminary examination" and "criminal hearing." We cannot accept this premise. We believe that if the legislature had intended the scope of the statute to be as broad as the state suggests, then it would have expressly stated the terms preliminary examination and criminal hearing in sec. 972.08(2), Stats.

Because we conclude that the trial court's contempt order was erroneous, we need not address Garrity's contention that the court's grant of an indefinite continuance was an abuse of its discretion.

*By the Court.*—Order reversed and cause remanded.

SUNDBY, J.  (*concurring*). I concur in the court's mandate. However, I arrive at the same conclusion as the court for a different reason. I conclude that in a criminal trial, a witness may not be compelled, before he or she faces the jury, to disclose whether and how the witness will testify. Therefore, sec. 972.08, Stats., had no application to the unique proceeding fashioned by the state.