The Honorable Michael G. Ellis Chairperson Senate Organization Committee 210 South, State Capitol Madison Wisconsin 53702
Dear Senator Ellis:
On behalf of the Senate Organization Committee, your predecessor asked whether the creation of section 71.13 (2m), Stats. (now section 71.91 (4)), by virtue of the enactment of chapter 20, section 1102c, Laws of 1981, altered the duration of the Department of Revenue's (Department) liens resulting from the docketing of tax warrants under what is now section 71.91 (5)(b).
In my opinion, the answer is yes. The duration of such liens was changed from a fixed period of ten years to a period which continues until the tax liability is satisfied.
Section 71.91 (4) provides:
 UNPAID TAX IS PERFECTED LIEN ON PROPERTY. If any person liable to pay any income or franchise tax neglects, fails or refuses to pay the tax, the amount, including any interest, addition to tax, penalty or costs, shall be a perfected lien in favor of the department of revenue upon all property and rights to property. The lien is effective at the time taxes are due or at the time an assessment is made and shall continue until the liability for the amount to be paid or for the amount so assessed is satisfied. The perfected lien does not give the department of revenue priority over lienholders, mortgagees, purchasers for value, judgment creditors and pledges whose interests have been recorded before the department's lien is recorded. *Page 42 
Section 71.91 (5)(b) provides in pertinent part: "The clerk shall docket the warrant as required by s. 806.11, and upon docketing the amount of the warrant, together with interest required by s. 71.82 (2), shall be considered in all respects as a final judgment."
In 42 Op. Att'y Gen. 115 (1953), one of my predecessors opined that the following language from section 71.13 (3)(b), Stats. (1951), meant that the duration of the Department's lien was ten years:
 "(b) * * * The clerk shall docket the warrant as required by section 270.457, and thereupon the amount of such warrant, together with interest as provided by section 71.13 (1) shall become a lien upon the real property of the taxpayer against whom it is issued in the same manner as a judgment duly docketed in the office of such clerk. * * *"
The 1953 opinion reasoned that "[t]here is nothing in the statute that says that the lien of a docketed delinquent tax warrant is given some of the qualities of the lien of a docketed judgment but not all of them." 42 Op. Att'y Gen. at 117.
As you indicate, chapter 224, section 91, Laws of 1975 amended the language found in section 71.13 (3)(b), Stats. (1953), to read as follows:
 The clerk shall docket the warrant as required by s. 806.11, and upon docketing the amount of such warrant, together with interest required by sub. (1) shall be considered in all respects as a final judgment creating a perfected lien upon the taxpayer's right, title and interest in all of the real and personal property of the taxpayer against whom it is issued in the county where the warrant or duplicate copy of the warrant is docketed. Such perfected lien shall not give the state priority over preexisting lienholders.
I agree with your suggestion that nothing in the 1976 amendment to section 71.13 (3)(b), Stats. (1973), or in the present version of section 71.91 (5)(b), would alter the result reached in 42 Op. Att'y Gen. 115. The question then becomes what effect is to be ascribed to the enactment of the language found in what *Page 43 
is now section 71.91 (4), which provides that "[t]he lien is effective at the time taxes are due or at the time an assessment is made and shall continue until the liability for the amount to be paid or for the amount so assessed is satisfied."
In my opinion, applicable canons of statutory construction require a different result than that reached in the 1953 opinion. Clear and unambiguous language found in a statute must be given effect. In Interest of F.E.W., 143 Wis.2d 856, 861,422 N.W.2d 893 (Ct.App. 1988). And each part of a statute should be given force so that no language will be rendered superfluous. State exrel. Taylor v. Linse, 161 Wis.2d 719, 723, 469 N.W.2d 201 (Ct. App. 1991). The quoted language from section 71.91 (4), not only is clear and unambiguous, but also would be rendered surplusage if the period of a tax lien were limited to ten years. If the ten year period were applicable, the lien could not continue until the liability for the tax assessed is satisfied. Given the language contained in section 71.94, it is not possible for me to conclude that a tax lien is no longer valid after a given number of years.[1]
I therefore conclude that the enactment of chapter 20, section 1102c, Laws of 1981, changed the duration of tax liens docketed by the Department under section 71.91 (5)(b), from a fixed period *Page 44 
of ten years to a period which continues until the tax liability is satisfied.[2]
Sincerely,
 James E. Doyle Attorney General
[1] Bills introduced subsequent to the enactment of what is now section 71.91 (4) are consistent with this conclusion. 1991 Senate Bill 362 would have made tax liens docketed under section71.91 (5)(b), effective for a period of ten years and 1993 Senate Bill 98 would do so.
The Legislative Reference Bureau's analysis of both bills states:
 Under current law, if a person fails or refuses to pay an outstanding income or franchise tax liability, the amount due is a perfected lien in favor of the department of revenue. The lien continues in effect until the liability is satisfied.
 This bill changes current law by requiring the department of revenue to renew the lien every 10 years. This bill also clarifies current law by making it explicit that the department is required to record tax liens with a county clerk of circuit court.
[2] Section 893.33, another statute to which you refer in your opinion request, does not, strictly speaking, affect the duration of a lien. It precludes the assertion of an otherwise valid lien against a bona fide purchaser for value of real estate or the purchaser's successor in title after thirty years unless a written instrument or notice is recorded within the thirty year period. *Page 45