STATE of Wisconsin, Plaintiff-Respondent,

v.

Leporld L. MILLER, Defendant-Appellant.†

Court of Appeals

*No. 95–0129–CR. Submitted on briefs September 6, 1995.—Decided October 3, 1995.*

(Also reported in 541 N.W.2d 153.)

†Petition to review denied.

For the defendant-appellant the cause was submitted on the briefs of *Gerald P. Boyle, S.C.*, with *Gerald P. Boyle*, of Milwaukee.

For the plaintiff-respondent the cause was submitted on the briefs of *James E. Doyle*, attorney general, and *Thomas J. Balistreri*, assistant attorney general.

Before Sullivan, Fine and Schudson, JJ.

SCHUDSON, J. Leporld L. Miller appeals from the judgment of conviction for possession with intent to deliver controlled substance (cocaine base) within 1000 feet of a school. He argues that because he absconded before the first witness was called to testify, he was not "present at the beginning of the trial" under § 971.04(3), STATS., and, therefore, that the conviction must be vacated. We reject his argument and conclude that because Miller was present when the jury was sworn, and because jeopardy attaches when a jury is sworn, § 972.07(2), STATS., Miller was "present at the beginning of his trial." Therefore, we affirm.

On June 16, 1993, a jury was selected and sworn for Miller's trial on the charge of possession with intent to deliver controlled substance (cocaine base) within 1000 feet of a school. After the prosecutor presented the State's opening statement and defense counsel stated that he would reserve the defense opening statement until after the State's case-in-chief, the trial court

recessed the case until the next day. Miller was present for all the June 16 proceedings.

On June 17, Miller did not return to court. After waiting approximately one and one-half hours for his arrival, the trial court[1] stated:

> All right. I'm going to proceed with the trial. I'm satisfied we've waited long enough for the defendant to show. I will instruct the jury as carefully as I can they are not to draw any inferences from the defendant's absence and we simply don't know exactly why he's not here. Let's bring the jury out.

The trial proceeded and was completed on June 18. Miller never returned during the duration of the trial, and the trial court issued a bench warrant for his arrest. On May 11, 1994, Miller was returned to court on the bench warrant and, subsequently, he was sentenced.

Miller concedes that jeopardy attaches in a jury trial when the jury is sworn. Section 972.07(2), STATS.[2] He argues, however, that his trial proceeded in violation of § 971.04(3), STATS., which, in relevant part, provides:

> **Defendant to be present. (1)** Except as provided in sub[ ]. . . . (3), the defendant shall be present:
>
> . . . .
> (b) At trial;

---

[1] Judge John A. Franke presided over the trial; Judge Lee E. Wells sentenced Miller.

[2] Section 972.07, STATS., states:

Jeopardy attaches:

**(1)** In a trial to the court without a jury when a witness is sworn;

**(2)** In a jury trial when the selection of the jury has been completed and the jury sworn.

**(3)** *If the defendant is present at the beginning of the trial* and thereafter, during the progress of the trial or before the verdict of the jury has been returned into court, voluntarily absents himself or herself from the presence of the court without leave of the court, the trial or return of verdict of the jury in the case shall not thereby be postponed or delayed, but the trial or submission of said case to the jury for verdict and the return of verdict thereon, if required, shall proceed in all respects as though the defendant were present in court at all times.

(Emphasis added.) Miller maintains that Wisconsin law "is silent on the question as to a defendant absenting himself prior to the first witness being called but after the swearing in of the jury." The State agrees that our decision in this case "will clarify the meaning of a term in the rules of criminal procedure which has not been specifically defined in previously reported decisions."

Construction of § 971.04(3), STATS., presents a question of law, subject to our *de novo* review. *State v. Dwyer*, 181 Wis. 2d 826, 836, 512 N.W.2d 233, 236 (Ct. App. 1994). Although § 971.04(3), STATS., does not define "the beginning of the trial," we have held that "a jury trial commences with the administration of the jury's oath." *State v. Gonzalez*, 172 Wis. 2d 576, 580, 493 N.W.2d 410, 412 (Ct. App. 1992); *see also Dwyer*, 181 Wis. 2d at 836-837, 512 N.W.2d at 236. Clearly, "the beginning of the trial" occurs when the trial "commences" and, under *Gonzalez*, a trial commences "with the administration of the jury's oath." *Gonzalez*, 172 Wis. 2d at 580, 493 N.W.2d at 412. Thus, in a jury trial, "the beginning of the trial" occurs when jeopardy attaches; i.e., "when the selection of the jury has been

completed and the jury sworn." Section 972.07(2), STATS.; *see also State v. Gilmer*, 202 Wis. 526, 528, 232 N.W. 876, 877 (1930) (" ' "Jeopardy" "is the situation of a prisoner when a trial jury is impaneled and sworn to try his case." ' ").

Thus, we conclude that Miller was present "at the beginning of the trial" when the jury was sworn. Jeopardy attached, and, therefore, the trial court properly proceeded in completing Miller's jury trial after he absconded.

*By the Court.*—Judgment affirmed.