THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ERNEST PERKINS, Defendant-Appellant.

First District (2nd Division)    No. 78-1194

Opinion filed November 25, 1980.

Ralph Ruebner and Michael J. Pelletier, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Mary Ellen Dienes, and Mark X. Van Cura, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DOWNING delivered the opinion of the court:

Defendant Ernest Perkins was charged by information with one count of rape (Ill. Rev. Stat. 1975, ch. 38, par. 11—1) and two counts of armed robbery (Ill. Rev. Stat. 1975, ch. 38, par. 18—2). The trial court granted defendant's motion for a directed verdict on the rape count at the close of the State's case. The jury found defendant guilty on both armed robbery counts. The trial court sentenced defendant to a term of not less than six nor more than 10 years for each conviction, to be served concurrently. Defendant appeals, contending that the State violated his right to speedy trial, which would require that the convictions be vacated and that defendant be discharged. In the alternative, he contends that one of the armed robbery convictions must be vacated since both were based upon a single act.

Defendant was arrested on January 11, 1976, and was charged by information with the instant offenses on February 6, 1976. The case was variously continued until July 29, 1976, when a 120-day term under the Illinois statutory speedy-trial provision (Ill. Rev. Stat. 1975, ch. 38, par. 103—5) began to run. The trial court believed that this term was to expire

on Thanksgiving Day, November 25, 1976, and that the State therefore was required to commence trial by November 24, 1976. As noted by the parties, the term actually expired on November 29, 1976.[1] Thus, in order to protect defendant's speedy trial right, it was incumbent upon the State to bring defendant to trial by this last date, in the absence of delay attributable to defendant. Arguing that defendant's speedy trial right was protected here, the State asserts that trial was commenced on November 24 by the swearing of prospective jurors, or that, alternatively, defendant was responsible for delaying the start of trial past November 29. We shall address both of these contentions.

I.

On November 24, the day before Thanksgiving, defendant appeared in court represented by two associate attorneys. His regular attorney was unable to appear due to an illness in the family. Nevertheless, defendant explicitly stated that he desired to commence trial. Responsive to this request, the trial court summoned a venire of approximately 25 prospective jurors, who were sworn in. The trial court was then informed that the prospective jurors were all on their second week of jury duty, and about 18 of them would be inconvenienced by having to return for a third week of duty the next week. The court advised defendant that, in the latter's interest, he would not force those 18 to return. Defendant did not object to this result, but desired to proceed with *voir dire* of the remaining seven prospective jurors. Upon further inquiry of those persons, the court learned that none of them felt that they could serve the additional week to 10 days that the trial might last. Faced with this situation, and in light of the absence of defendant's regular counsel, the court dismissed the entire venire. No *voir dire* had been undertaken.

The State contends that this proceeding with regard to the venire constituted the commencement of trial under the holding of *People v. Williams* (1974), 59 Ill. 2d 402, 405, 320 N.E.2d 849. There, the supreme court ruled that trial commences so as to satisfy the speedy trial statute when the trial court has "begun the process" of selecting the jury. The fact that the panel is not completed until the expiration of the 120-day term is not controlling if the selection has begun within the term. (See *People v. Williams*.) We note that the *voir dire* examination of prospective jurors had commenced in that case. In this case, it was the belief of the trial court, and is now the argument of the State, that trial began on November

---

[1] Statute provides that in computing the 120-day period, the first day is excluded and the last day is included. (Ill. Rev. Stat. 1975, ch. 131, par. 1.11; *People v. Solheim* (1977), 54 Ill. App. 3d 379, 386, 369 N.E.2d 308.) By our calculation, that would put the last day of the term on November 26, 1976. Since that day was a court holiday, the term would be extended to the next working court day, November 29.

24, despite the fact that none of the members of the summoned venire were ever subject to a *voir dire* examination or made part of the jury panel which finally heard the case.

■■ We disagree. The record shows that the entire venire was dismissed by the trial court once it became known that their continued services would be inconvenient. We are unable to state that the mere swearing of a venire constitutes the "beginning of the process" of jury selection which is envisioned by the *Williams* holding. We distinguish between what was done here and what took place in *Williams* where prospective jurors were called and *voir dire* examination commenced. To agree with the contention of the State would be to countenance a technical evasion of the speedy trial statute. Prejudice to a defendant from such a ruling is evident in a case such as this where the actual jury was not selected until some 14 months after these initial jury-related steps were taken. While our decision here is not intended to precisely define what constitutes the "beginning of the process" of jury selection, we hold that the efforts undertaken by the trial court in this case cannot reasonably be said to approach the requisite undertaking.

Our inquiry must therefore focus upon whether the statute was tolled prior to the expiration of the 120-day term on November 29 by any act which can be attributed to defendant. Of central import to our analysis are the facts concerning the State's apparent last-minute revelation to defendant's trial attorney that defendant had made an inculpatory statement to the police while in custody.

The record indicates that plea negotiations had been underway between the State and defendant following filing of the charges against the latter. On Monday, November 22, the 117th day of the term, the State withdrew whatever offer it had made to defendant. Both parties then indicated that discovery was completed, although neither had as of then filed formal answers to the respective discovery motions. The trial court set the case for trial on November 24 after defense counsel advised that there would be no pretrial motions.

Later statements in the record indicate that sometime between the above proceedings and the scheduled commencement of trial, the State for the first time informed defendant's counsel that defendant had made some type of inculpatory statement to the police. Counsel, in searching the voluminous police reports previously tendered to her by the State, was unable to find evidence that such a statement had in fact been made.

On the date set for trial, November 24, the two attorneys assisting defendant's absent regular counsel did not feel that they were in a position to inform the court as to whether any pretrial motions would be forthcoming in light of the belatedly disclosed evidence. As noted above,

defendant personally demanded trial. At that juncture, the jury proceedings discussed above took place.

On November 29, defendant's regular attorney told the court that the State had informally told her about defendant's alleged statement on November 23, the 118th day of the term. At that time, the State did not know the content of the alleged statement. Further discussion concerning the belated disclosure of defendant's alleged statement revealed that the state's attorney "was not prepared for trial" when he made this revelation to the defense. "[He] had not yet swam through the hundreds and hundreds of pieces of police reports * * * [and so] could not give her a full answer to discovery." The state's attorney admitted that as of that day (November 29), he had not yet talked to all of the police officers on the case, and so could not fully inform defense counsel of the overall aspects of the alleged statement.

Following this discussion, defendant was forced to make a motion to suppress the statement despite the possible impact on his speedy trial right. His counsel realized that this entailed problems, since the defense was not even sure of the grounds upon which the motion should be based. Nevertheless, the motion was filed and eventually denied on December 6. It is the position of the State that the filing of this motion served to toll the speedy trial statute's term through the fault of the defendant.

The right to a speedy trial is of basic importance as a shield against arbitrary and oppressive delay and incarceration. (*People v. Shannon* (1975), 34 Ill. App. 3d 185, 187, 340 N.E.2d 129.) However, that right can be waived by a defendant. If a defendant acts on his own in a manner so as to cause delay in the trial, the statutory term is tolled. (*People v. Schoeneck* (1971), 1 Ill. App. 3d 395, 401, 274 N.E.2d 483.) If there are two reasons that the trial is delayed past the expiration of the term, it is enough to toll the statute that one of the reasons is due to an act of the defendant. (*People v. Ruple* (1980), 82 Ill. App. 3d 781, 788, 403 N.E.2d 129, citing *People v. Boyce* (1977), 51 Ill. App. 3d 549, 554, 366 N.E.2d 914.) The filing of a motion to suppress can act as a delay to trial and so toll the statute even if made within the term if the motion in fact causes or contributes to delay the trial past the end of the term. *People v. Donalson* (1976), 64 Ill. 2d 536, 541-42, 356 N.E.2d 776.

■■■ On the other hand, the State has the continuing burden to take the necessary steps to bring about a prompt trial. The speedy trial statute is tolled only when there has been actual delay of trial clearly attributable to the defendant. (*People v. Hannah* (1975), 31 Ill. App. 3d 1087, 1089, 335 N.E.2d 84.) It is our considered opinion that the filing of the motion to suppress here cannot be attributed to any fault of defendant. On the contrary, the record demonstrates that defendant was prepared to

commence trial on November 22, and that only the State's inexcusable tardiness in completing discovery through the belated disclosure of an alleged statement of defendant precluded trial from beginning prior to the running of the term. To charge defendant with a tolling of the speedy trial term under these circumstances would be to circumvent the protection of the statute. We therefore hold that the State violated defendant's statutory right to a speedy trial when it failed to commence proceedings through no fault of defendant, by November 29, 1976. In light of this determination, it becomes necessary for us to vacate defendant's convictions and to discharge him from further prosecution or punishment for the offenses charged. We thus need not address the remainder of the issues raised on this appeal.

Convictions vacated and defendant discharged.

PERLIN, P. J., and STAMOS, J., concur.