THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CLINTON DUCKMANTON, Defendant-Appellant.

Third District   No. 3—85—0008

Opinion filed October 22, 1985.

Robert Agostinelli and Frank W. Ralph, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward F. Petka, State's Attorney, of Joliet (John X. Breslin and John M. Wood, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE HEIPLE delivered the opinion of the court:

The defendant, Clinton Duckmanton, appeals from his conviction of robbery and aggravated battery. We affirm.

The defendant was charged, along with a codefendant, Sean Harper, with robbing and beating a 38-year-old retarded man. Both the victim and Harper testified for the State at trial.

The defendant raises two issues on appeal. He asserts that the trial court erred in finding that the defendant's right to a speedy trial was not violated. The defendant also asserts that he was denied the effective assistance of counsel because trial counsel labored under a *per se* conflict of interest.

■ We first consider whether the defendant was denied his right to a speedy trial. The defendant was in custody on a rape charge when, on June 19, 1984, he was charged in the instant case. While the defendant was in custody, he was transferred from the Will County jail to Pontiac Correctional Center based on the violation of his parole. The defendant was held at Pontiac until the date of his trial, October 29, 1984.

On October 29, the defendant moved for discharge on the ground that he had not been brought to trial in 120 days, as required under

section 103—5 of the Code of Criminal Procedure of 1963. (Ill. Rev. Stat. 1983, ch. 38, par. 103—5.) The trial court denied the motion, finding that section 3—8—10 of the Unified Code of Corrections, known as Intrastate Detainer, was applicable. (Ill. Rev. Stat. 1983, ch. 38, par. 1003—8—10.) Under the Intrastate Detainer, the State was required to bring the defendant to trial in 160 days.

The defendant acknowledges that the trial court acted in accordance with this court's decision in *People v. Lykes* (1984), 124 Ill. App. 3d 604, 464 N.E.2d 849. The defendant urges, however, that we reconsider our decision in *Lykes*.

We find no reason to alter our decision in *Lykes*. The language of the Intrastate Detainers statute and the precedent discussed in *Lykes* causes us to adhere to the rule set forth therein. The trial court in the instant cause did not err in denying the defendant's motion for discharge.

■■ The defendant also asserts that he was denied effective assistance of counsel because his trial counsel labored under a *per se* conflict of interest. As noted previously, the defendant was charged along with a codefendant, Sean Harper. At the time that the Will County public defender's office was appointed to represent the defendant, assistant public defender Harry Irby appeared for the defendant. Attorney Irby represented codefendant Harper during most of the subsequent proceedings in Harper's case. However, at the time Harper was arraigned, assistant public defender William McMenamin appeared as Harper's counsel. Attorney McMenamin subsequently represented the defendant at trial. Harper testified for the State at the defendant's trial. The defendant now argues that because assistant public defenders represented witness Harper, the entire Will County public defender's office labored under a *per se* conflict of interest with respect to the defendant.

A *per se* conflict is found where defense counsel's past or present commitments raise the possibility of an unwillingness or inability to represent a defendant. (*People v. Drysdale* (1977), 51 Ill. App. 3d 667, 366 N.E.2d 394.) A *per se* conflict of interest exists when counsel represents a defendant and a State's witness at the same time. (*People v. Kloiber* (1981), 95 Ill. App. 3d 1061, 420 N.E.2d 870.) Where a *per se* conflict is shown, reversal of a defendant's conviction is warranted even without a showing of any resultant actual prejudice. *People v. Nelson* (1980), 82 Ill. 2d 67, 411 N.E.2d 261.

As noted above, it is well established that simultaneous representation of a defendant and a State's witness by one attorney creates a *per se* conflict of interest. In each of the cases relied upon by the defend-

ant, both the State's witness and the defendant were represented by the same attorney. (See *People v. Nelson* (1980), 82 Ill. 2d 67, 411 N.E.2d 261; *People v. Columbo* (1983), 118 Ill. App. 3d 882, 455 N.E.2d 733; *People v. Cunningham* (1984), 126 Ill. App. 3d 637, 467 N.E.2d 404; *People v. Bennett* (1980), 90 Ill. App. 3d 64, 412 N.E.2d 1001.) The defendant seeks to extend the rule on *per se* conflicts to include representation by separate attorneys who are from the same county public defender's office.

We decline to extend the rule on *per se* conflicts of interest to include separate but simultaneous representation of a defendant and a State's witness by different assistant public defenders. The Illinois Supreme Court has rejected the application of the *per se* rule to joint representation of codefendants by assistant public defenders. (*People v. Precup* (1978), 73 Ill. 2d 7, 382 N.E.2d 227.) The Illinois Supreme Court in *People v. Robinson* (1979), 79 Ill. 2d 147, 402 N.E.2d 157, subsequently rejected the concept that disqualification of one public defender because of a conflict of interest necessitated disqualification of the entire office. The *Robinson* court distinguished the functions and allegiances of assistant public defenders from those of the members of a private law office. Ultimately, the court held that where the question of a conflict of interest arises, a case-by-case inquiry is contemplated to determine whether the facts of the case preclude representation by the members of the public defender's office. *People v. Nelson* (1980), 82 Ill. 2d 67, 73, 411 N.E.2d 261, 265.

██ █ We find that where a State's witness and a defendant are represented by members of the public defender's office, the facts of the case must be scrutinized to determine whether a conflict of interest actually existed. In the instant case, there was no evidence that attorney McMenamin was in any way constrained in his defense of the defendant by attorney Irby's representation of the witness Harper. There was no showing that Irby and McMenamin shared information or strategy on the case or that McMenamin limited his cross-examination of Harper.

Because there was no showing of actual prejudice to the defendant, we find that the defendant was not denied effective assistance of counsel.

The judgment of the circuit court of Will County is, therefore, affirmed.

Affirmed.

BARRY and WOMBACHER, JJ., concur.