THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. ELISA SMITH, Defendant-Appellee.

Fifth District No. 5--89—0723

Opinion filed January 17, 1991.

William R. Haine, State's Attorney, of Edwardsville (Kenneth R. Boyle, Stephen E. Norris, and Debra A. Buchman, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Daniel M. Kirwan and Rita K. Peterson, both of State Appellate Defender's Office, of Mt. Vernon, for appellee.

JUSTICE LEWIS delivered the opinion of the court:

The State had charged the defendant, Elisa Smith, with reckless homicide (Ill. Rev. Stat. 1989, ch. 38, par. 9—3(a)). The circuit court subsequently granted the defendant's petition for discharge for violating her right to a speedy trial. The State filed a motion for rehearing, and following a hearing, the circuit court upheld its original ruling

dismissing the charges against the defendant. The State appeals, contending that the court's ruling that the defendant was not brought to trial within 120 days was against the manifest weight of the evidence and was an abuse of the court's discretion.

The defendant was arrested and taken into custody for the offense of reckless homicide on June 12, 1989. The defendant's case was set for trial for October 23, 1989, and, on that date, the case was carried over until the following day. On October 24, 1989, the defendant filed a petition for discharge, alleging that the State had not brought her to trial within the 120 days mandated by the statute (Ill. Rev. Stat. 1989, ch. 38, par. 103—5(a)), thereby violating her statutory right to a speedy trial. The court determined that the defendant had not been brought to trial within 120 days and, therefore, that she was entitled to be discharged and the charges against her dismissed.

On appeal, the State contends that the court erred in attributing certain delays to the State instead of the defendant, and, if those days are attributed to the defendant, the State did bring the defendant to trial within 120 days. Specifically, the State alleges that four different time delays were attributable to the defendant, those time periods being as follows: (1) from August 9, 1989, to September 25, 1989; (2) from September 25, 1989, to October 6, 1989; (3) from October 4, 1989, to October 23, 1989; and (4) from October 23, 1989 to October 24, 1989.

Section 103—5(a) of the Code of Criminal Procedure of 1963 requires that a defendant be tried within 120 days from the date he was taken into custody, "unless delay is occasioned" by the defendant. (Ill. Rev. Stat. 1989, ch. 38, par. 103—5(a).) Any delay caused by the defendant will temporarily suspend for the time of the delay the time period in which the defendant must be tried. (Ill. Rev. Stat. 1989, ch. 38, par. 103—5(f).) This statutory requirement is to be construed liberally so as to give effect to the constitutional right to a speedy trial, and each case is to be decided on its own facts. (*People v. Turner* (1989), 128 Ill. 2d 540, 539 N.E.2d 1196.) It is the State's burden to bring a defendant to trial within the time provided by statute. (*Turner*, 128 Ill. 2d 540, 539 N.E.2d 1196.) However, as was previously noted, delay occasioned by the defendant will suspend temporarily the running of the time period, and, in determining whether delay is to be attributed to the defendant, the criterion is whether the defendant's acts in fact caused or contributed to the delay. (*Turner*, 128 Ill. 2d 540, 539 N.E.2d 1196.) When a defendant files a motion for discharge, it is his burden to establish facts which show a violation of the statute. (*Turner*, 128 Ill. 2d 540, 539 N.E.2d 1196.) Considera-

ble deference is given to a circuit court's determination of whether a delay is attributable to a defendant, especially where it is difficult to discern from the record which party is primarily responsible for the delay, and, absent a clear abuse of discretion, the circuit court's decision of accountability for the delay will be affirmed on review. (*Turner*, 128 Ill. 2d 540, 539 N.E.2d 1196.) With these principles in mind, we address the State's appeal.

The record reflects the pertinent history of the proceedings was as follows: On June 12, 1989, the defendant was placed in custody for the reckless homicide charge, and, because she was unable to make bail, she remained in custody. On August 9, 1989, at the docket call, the court inquired if the defendant would be ready for trial on August 14, 1989. The defendant indicated that she would be ready to proceed on that date. On August 11, 1989, the defendant sent a letter to the judge, in which she asked that a different public defender be appointed to represent her. On September 6, 1989, the defendant's case was again called at the docket call. At that time, the defendant's case was set for trial on September 25, 1989. On September 25, 1989, the court entered an order in which the court granted the defendant's motion for continuance and continued the case until October 6, 1989. At the docket call on October 4, 1989, the defendant's case was set for trial on October 23, 1989. On October 23, 1989, the defendant's trial was continued to October 24, 1989.

The first delay which the State alleges was attributable to the defendant was the time period from August 9, 1989, to September 25, 1989. The State contends this is so because the defendant's letter of August 11, 1989, requesting that a new public defender be appointed for her, indicated that she was not ready to go to trial on August 14, 1989. We disagree.

A review of the record reveals that at the August 9, 1989, docket call, the public defender stated that he was ready to proceed to trial on August 14, 1989. However, the defendant's trial did not take place on that date. At the hearing on the petition for discharge, the assistant State's Attorney stated that on or around August 14, 1989, he had two cases set for trial for that date, the defendant's case and one other. The assistant State's Attorney indicated that he approached the defendant's attorney because of this scheduling problem. According to the assistant State's Attorney, when he told defense counsel of the predicament, the defendant's counsel said that he would move the defendant's case to the next docket call. The defendant's attorney did not recall the conversation. Other than this conflicting testimony, the record is devoid of a motion for a continuance by

the defendant or the State and is otherwise silent as to the reason for the delay. While it is true that the defendant filed a letter requesting new counsel, there is nothing in the record showing that any action was taken on this request, and, in fact, the defendant's counsel remained unchanged following her sending of her letter. Where the record is silent regarding which party is responsible for a delay, the delay will not be attributed to the defendant. (*Turner*, 128 Ill. 2d 540, 539 N.E.2d 1196.) Because the record is silent as to the reason for the delay in trial from August 9, 1989, to September 25, 1989, the circuit court was correct in not attributing this time to the defendant.

The next time period which the State claims is attributable to the defendant is the period from September 25, 1989, to October 6, 1989, a period of 11 days. The defendant concedes that this delay was attributable to her. The record reveals that the court's order of September 25, 1989, granted the defendant's continuance until October 6, 1989. A motion for a continuance filed by the defendant is clearly a delay attributable to the defendant, and the court correctly attributed this delay to her. *People v. Grant* (1982), 104 Ill. App. 3d 183, 432 N.E.2d 1129.

The third delay which the State contends is attributable to the defendant is the time period from October 4, 1989, to October 23, 1989. The State argues that the defendant agreed to the rescheduling of her trial date to October 23, 1989, at the October 4, 1989, docket call, and, thus, she was responsible for the delay from the date of the docket call until the time she was brought to trial. In addition, the State claims that the supplemental motions for discovery filed by the defendant on October 2, 1989, contributed to the delay.

The defendant contends that the State waived the argument that her filing of supplemental discovery motions contributed to the delay, thereby making the time attributable to her, as this argument was not made before the circuit court but raised for the first time on appeal. We agree. At the hearing on the defendant's petition for discharge, and at the hearing on the State's motion for reconsideration, the State's posture regarding the delay from October 4, 1989, onward to October 23, 1989, was that the defendant acquiesced in the setting of the trial date. The State did not argue that the supplemental discovery motions of the defendant contributed to the delay in trial. If an issue is not raised before the circuit court, that issue is waived. (*People v. Adams* (1989), 131 Ill. 2d 387, 546 N.E.2d 561.) Further, even if the issue had not been waived, the defendant had a right to discovery and the time necessary to complete it was not delay attributable to the defendant. (*People v. Manna* (1981), 96 Ill. App. 3d

506, 421 N.E.2d 542.) Our review of the information requested by the defendant in her supplemental discovery motions revealed that the State was not unduly burdened by her request and that the State was readily able to provide the information; thus, the defendant's motions for discovery did not cause a delay attributable to her.

■ We now consider the State's contention that the delay from October 4, 1989, to October 23, 1989, should be attributed to the defendant since the defendant agreed to the October 23, 1989, trial date. We find that the court's determination that the defendant was not responsible for this delay was not an abuse of discretion. At the docket call on October 4, 1989, the court specifically asked if there were any speedy trial problems, and, if so, that the State's Attorney advise the court. The State did not bring a speedy trial problem to the court's attention at that time. Further, the State's argument that it was the duty of the defendant to point out to the court that there was a speedy trial problem is unpersuasive. It was not the defendant's duty to inform the court that the date set for trial presented a speedy trial violation, and there is no indication in the record that defense counsel was aware that the speedy trial period would run as of October 23, 1989. *People v. Cunningham* (1979), 77 Ill. App. 3d 949, 396 N.E.2d 876.

Additionally, we do not find that the defendant agreed to the trial date of October 23, 1989. The excerpt of the October 4, 1989, docket call contained in the record presents the following colloquy:

"THE COURT: Elisa Smith.

MR. ERTHAL [assistant State's Attorney]: The 23rd?

MR. HAWKINS [defense counsel]: That's fine."

The court found that the foregoing statement by the defendant's attorney could not be construed as an agreement to continue to this date on the part of the defendant. At the hearing on the petition for discharge, the court took a recess for the express purpose of reviewing the transcripts of the prior proceedings to determine if the defendant had agreed to a continuance from October 4, 1989, to October 23, 1989. At the conclusion of the recess, the court held that his research did not support a finding that the defendant's statement at the docket call was tantamount to an agreement to continue to October 23, 1989. Where it is unclear that a continuance is attributable to the defendant, the court must inquire into the circumstances surrounding the delay to ascertain whether it is attributable to the defendant. (*People v. Gooding* (1975), 61 Ill. 2d 298, 335 N.E.2d 769.) Here, the court did inquire into the surrounding circumstances and concluded that the delay was not attributable to the defendant. As

was stated previously, the circuit court's determination of allocation of delay is to be given much deference, especially where, as here, it is difficult to discern from the record which party is responsible for the delay, and, absent an abuse of discretion, the court's decision will not be overturned upon review. (*Turner*, 128 Ill. 2d 540, 539 N.E.2d 1196.) We find that the court's decision to attribute the delay from October 4, 1989, to October 23, 1989, to the State was not an abuse of discretion.

The last delay the State urges as being attributable to the defendant was the one-day delay from October 23, 1989, to October 24, 1989. The State argues that the defendant's motions *in limine* contributed to the one-day continuance. A review of the record reveals that the reason for the carry-over of the defendant's trial from October 23, 1989, to October 24, 1989, was due to the lack of available jurors on October 23, 1989. On that date, only eight potential jurors were available. It is not the defendant's responsibility to have sufficient jurors available for her jury trial, and the defendant's motions *in limine* did not cause delay; therefore, the one-day delay was not attributable to the defendant.

Having considered the State's arguments, we find that from June 12, 1989, until October 24, 1989, 134 days elapsed in which the defendant was incarcerated for the offenses charged. After the 11 days' delay attributable to the defendant are subtracted out, 123 days remain. Thus, the State failed to bring the defendant to trial within 120 days as required by the statute, and the court did not abuse its discretion in attributing the delay to the State and properly granted the defendant's petition for discharge.

For the foregoing reasons, the judgment of the circuit court of Madison County, dismissing the charges against the defendant for violation of her statutory right to a speedy trial, is affirmed.

Affirmed.

HOWERTON and CHAPMAN, JJ., concur.