THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
MAURICE STATEN, Defendant-Appellant.

Fifth District    No. 5—91—0312

Opinion filed November 2, 1992.—Rehearing denied December 3, 1992.

Daniel M. Kirwan and Stanley P. Stasiulis, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Darrell Williamson, State's Attorney, of Chester (Norbert J. Goetten, Stephen E. Norris, and Diane L. Campbell, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HARRISON delivered the opinion of the court:
Following a jury trial in the circuit court of Randolph County, defendant, Maurice Staten, was found guilty of unlawful possession of a weapon by a person in custody of a Department of Corrections facility (Ill. Rev. Stat. 1989, ch. 38, par. 24—1.1) and sentenced to a 10-year term of imprisonment. He now appeals (134 Ill. 2d R. 606(b)), arguing, *inter alia*, that the State failed to try him within 160 days of his written demand for a speedy trial. We agree and therefore reverse.

Defendant is an inmate at the State prison in Menard, where he is serving a 20-year sentence for home invasion and armed robbery. In February of 1990, prison guards observed him placing a homemade weapon into a trash container as he was going to breakfast. The weapon consisted of a plastic ball-point pen whose ink cartridge had been replaced by a section of wire coat hanger with a sharpened point. Guards retrieved this weapon and, following a hearing, defendant was subjected to administrative discipline by the institution. Thereafter, the matter was forwarded to the local State's Attorney, who brought the criminal charge which ultimately gave rise to this appeal.

The information charging defendant was filed on September 24, 1990. Defendant's court-appointed attorney formally entered his appearance the following week, at which time he also entered a not guilty plea on behalf of defendant, asked for a substitution of judge, made a routine discovery motion and demanded a jury trial. The jury demand, which was mailed to the State's Attorney on October 1, 1990, and filed by the clerk of the court two days later on October 3, 1990, specifically invoked the provisions of section 103—5(b) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1989, ch. 38, par. 103—5(b)), commonly referred to as the Speedy Trial Act. That statute applied to defendant by virtue of section 3—8—10 of the Unified Code of Corrections (Ill. Rev. Stat. 1989, ch. 38, par. 1003—8—10) and required the State to bring defendant to trial within 160 days of the date his jury demand was filed "unless the delay [was] occasioned by

the defendant." *People v. Duckmanton* (1985), 137 Ill. App. 3d 465, 467, 484 N.E.2d 942, 943.

The 160-day statutory time period was not met here. It expired on March 12, 1991. Defendant, however, was not tried on the weapons possession charge until March 18, 1991, six days later. Accordingly, defendant is entitled to be discharged with respect to that offense (*People v. Wiseman* (1990), 195 Ill. App. 3d 1062, 1064, 553 N.E.2d 46, 48), and the charge must be dismissed (Ill. Rev. Stat. 1989, ch. 38, par. 1003—8—10).

■ The State attempts to avoid this conclusion by arguing that defendant's speedy trial demand was insufficient because it did not include "a statement of the place of present commitment, the term, and length of the remaining term, the charges pending against him or her to be tried and the county of the charges" as section 3—8—10 of the Unified Code of Corrections (Ill. Rev. Stat. 1989, ch. 38, par. 1003—8—10) requires. We acknowledge that such a statement was not, in fact, included in defendant's demand. We also note, however, that strict compliance with technical formalities has never been required in this State to make a speedy trial demand effective. (See, *e.g., People v. Adams* (1982), 106 Ill. App. 3d 467, 471, 435 N.E.2d 1203, 1207 ("no magic words are required to constitute a speedy trial demand").) To the contrary, the rule is that the speedy trial statute is to be construed liberally so as to give effect to the constitutional right to a speedy trial, and in determining whether the statute has been met, each case is to be decided on its own facts. *(People v. Smith* (1991), 207 Ill. App. 3d 1072, 1074, 566 N.E.2d 797, 798.) In our view, these principles apply with equal force where, as here, the speedy trial demand is subject to the provisions of section 3—8—10 of the Unified Code of Corrections (Ill. Rev. Stat. 1989, ch. 38, par. 1003—8—10).

■ Although we have found no authority directly on point, we believe that the statement requirement in section 3—8—10 (Ill. Rev. Stat. 1989, ch. 38, par. 1003—8—10) was designed to enable counties to more easily locate and obtain for trial prisoners committed to the Illinois Department of Corrections so that those prisoners may obtain a speedy disposition of the charges against them. (See *People v. Hood* (1991), 223 Ill. App. 3d 157, 159, 583 N.E.2d 1173, 1175 (construing analogous provisions of the Interstate Agreement on Detainers).) In this case, however, that was not a problem. The State knew that defendant was incarcerated in a Department of Corrections facility. After all, the fact of his incarceration was an element of the very offense with which he was charged. Moreover, the State knew exactly where defendant was incarcerated, for even before his lawyer had en-

tered an appearance, the State had procured an order for *habeas corpus ad prosequendum* directing the warden at Menard to produce defendant for trial in this case. Under these circumstances, requiring defendant's jury demand to include the specified statement as to the circumstances of his incarceration and the charges against him would have been a meaningless formality.

Equally untenable is the State's complaint that defendant's speedy trial demand was not addressed to the Randolph County State's Attorney. It is true that the demand was filed with the clerk of the circuit court. While that, alone, was not sufficient to place the State on notice of the filing (*People v. Lendabarker* (1991), 215 Ill. App. 3d 540, 552, 575 N.E.2d 568, 575, *cert. denied* (1992), ___ U.S. ___, 118 L. Ed. 2d 208, 112 S. Ct. 1561), the record also shows that the demand contained on its face a "proof of service" certifying that a copy of it was mailed to the State's Attorney on October 1, the same date the original was sent to the clerk for filing. Also mailed to the State's Attorney on October 1 was defendant's motion for discovery. That motion clearly reached the State's Attorney by October 3, for the State's Attorney was able to file his response to the motion that very day. There is no reason to believe that the speedy trial demand reached the State's Attorney at any different time. Under these circumstances we must conclude that defendant's speedy trial demand was effectively served on the State's Attorney no later than the October 3 filing date. See 215 Ill. App. 3d at 552, 575 N.E.2d at 575.

■ The State next argues that the delay in bringing defendant to trial was attributable to a pretrial motion by defendant to quash the information based on double jeopardy. There is nothing in the record to support this claim. The motion was drafted by defendant, not his attorney, and there is no indication that it did anything but sit in the file until January 28, 1991, when the case was originally set for trial. At that time it was argued in a cursory fashion and summarily denied by the court, which indicated in its remarks that it regarded the issues raised therein as routine. Under these circumstances, attributing any delay to the motion would be a complete fiction.

If the record does show anything, it is that the case was headed for trial unimpeded by any delay by any party on the original January 28 trial date. On that date both sides appeared and announced that they were ready to proceed. Because this was only the 117th day following defendant's speedy trial demand, everything would have been fine had the case actually gone to trial at that time, and an attempt was, in fact, made to go forward. According to the court's docket minutes, jury selection was begun. The problem was that not enough

jurors were available. After only 10 individuals were selected, the panel was exhausted. The circuit judge was left with no choice but to call the proceedings off until another time. Declaring what he referred to as a "mistrial," the judge excused everyone and reset the case for the court's next jury setting, which was March 18. The defendant had no responsibility whatever for this delay for, as we have recently noted, it is not a defendant's responsibility to have sufficient jurors available for his trial. *People v. Smith* (1991), 207 Ill. App. 3d 1072, 1078, 566 N.E.2d 797, 801.

The State nevertheless argues that defendant is precluded from complaining of the delay because his attorney agreed to it. In support of this claim the State notes that after the court announced that a jury could not be picked, the judge asked defense counsel if he wanted the case continued to the March jury docket, to which defense counsel responded by saying, "Thank you, your Honor." We note, however, that defense counsel was given no real alternative if he wanted his case heard by a jury, for the court had just informed the State's Attorney that no additional jurors could be summoned to complete the jury they were then attempting to assemble. Of course, defendant could presumably have opted to proceed without a jury and so have gone to trial before the next jury setting in March, but we know of no principle of law which requires a defendant to forego his constitutional right to a trial by jury in order to preserve his right to a speedy trial within the statutorily mandated period.

When the case was eventually called for trial again on March 18, it was in no sense a continuation of the aborted January 28 proceeding. The jury selection process was begun completely anew. Accordingly, as in the case of *People v. Perkins* (1980), 90 Ill. App. 3d 975, 978, 414 N.E.2d 110, we do not believe that this aborted January proceeding was in any sense a "beginning of the process" of selecting a jury so as to satisfy the speedy trial statute under our supreme court's holding in *People v. Williams* (1974), 59 Ill. 2d 402, 320 N.E.2d 849. To be sure, if the circuit court had realized the speedy trial problem occasioned by its decision to reset the case for March, it may have embarked on a different course of action. As we have held, however, it was not the defendant's duty to inform the court that the new date set for trial would result in a speedy trial violation. *People v. Smith* (1991), 207 Ill. App. 3d 1072, 1077, 566 N.E.2d 797, 800.

Finally, the State argues that the speedy trial issue is not properly before us because defendant failed to move for discharge on speedy trial grounds prior to conviction. While there is no question that the right to discharge under the speedy trial statute is waived

unless a motion to discharge precedes the defendant's conviction (*People v. Howard* (1985), 130 Ill. App. 3d 967, 972-73, 474 N.E.2d 1345, 1349), defendant asserts that we should nevertheless consider the issue because the failure of his attorney to raise it constitutes ineffective assistance of counsel. We agree. A defendant claiming ineffective assistance of counsel must show that his attorney's performance fell below the objective standard of reasonableness and that the defendant was prejudiced as a result. (*People v. Enoch* (1991), 146 Ill. 2d 44, 55, 585 N.E.2d 115, 120.) An attorney's failure to seek discharge of his client on speedy trial grounds will constitute ineffective assistance of counsel where there is at least a reasonable probability that the client would have been discharged had a timely speedy trial motion been filed and there is no justification for the attorney's decision not to file such a motion. *People v. Morris* (1954), 3 Ill. 2d 437, 452-53, 121 N.E.2d 810; *People v. Alcazar* (1988), 173 Ill. App. 3d 344, 354-55, 527 N.E.2d 325, 332.

Such is the case here. As we have indicated throughout this disposition, defendant could have secured dismissal of the unlawful possession charge had only his attorney thought to file the appropriate motion. This error cannot be cast as a deliberate strategic choice. Defendant's attorney announced that he was ready to proceed at the original January 28 trial date and he did attempt to proceed. He had nothing to gain for his client by a delay and, as we have just held, he cannot be deemed to have consented to any such delay.

For the foregoing reasons, the judgment of the circuit court of Randolph County is reversed. In light of this disposition, we need not reach defendant's additional arguments that the circuit court instructed the jury improperly and erred in considering, or failing to consider, various factors at the sentencing hearing.

Reversed.

H. LEWIS and W.A. LEWIS, JJ., concur.