THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JAMES RODNEY MILSAP, Defendant-Appellee.

Fourth District   No. 4—92—0963

Argued February 16, 1994.—Opinion filed June 2, 1994.

Scott H. Walden, State's Attorney, of Quincy (Norbert J. Goetten, Robert J. Biderman, and James Majors (argued), all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Daniel D. Yuhas and Lori L. Mosby (argued), both of State Appellate Defender's Office, of Springfield, for appellee.

JUSTICE COOK delivered the opinion of the court:

Defendant filed a motion to dismiss alleging he had been denied a speedy trial in Adams County case No. 92—CF—111, in violation of sections 3—8—10 of the Unified Code of Corrections (Unified Code) (Ill. Rev. Stat. 1991, ch. 38, par. 1003—8—10) and 103—5(b) of the Code of Criminal Procedure of 1963 (Code) (Ill. Rev. Stat. 1991, ch. 38, par. 103—5(b)). The trial court granted the motion. The State appeals. We reverse and remand.

On March 31, 1992, defendant James Rodney Milsap and two codefendants, Dennis C. Scott and Johnny R. Turner, were charged by a nine-count indictment in No. 92—CF—111. Defendant was charged with two counts of unlawful delivery of a controlled substance. At the time of his indictment defendant was incarcerated in the Adams County jail on an unrelated case, Adams County case No. 91—CF—475. Defendant had been sentenced in No. 91—CF—475 on March 27, 1992, and shortly thereafter was transferred to a Department of Corrections (DOC) facility, the Graham Correctional Center in Hillsboro, Illinois. See *People v. Milsap* (4th Dist. 1992), No. 4—92—0267 (unpublished order under Supreme Court Rule 23).

The codefendants in No. 92—CF—11 were arraigned on April 1, 1992. No action was taken against defendant, however, until a writ of *habeas corpus ad prosequendum* was served on him on August 24, 1992. An arrest warrant had been issued with the indictment, but it was not served until October 20, 1992.

Nevertheless, on April 14, 1992, defendant sent what he alleges to be a speedy trial demand in No. 92—CF—11 to the Adams County circuit clerk and the Adams County State's Attorney. Defendant was able to do that because he came into possession of a copy of a notice of overhear filed in Adams County case No. 92—MR—5 on April 10,

1992. That notice advised Johnny Turner that on December 17, 1991, Judge Cashman had granted leave to monitor and record conversations between Turner and Kerry Lewis through December 27, 1991. The charges against defendant in No. 92—CF—11 allege his involvement with Turner on December 27, 1991.

Defendant's speedy trial demand, captioned "Demand For Final Disposition," was sent among a sheaf of papers, the other pages of which referred to case No. 91—CF—475. The first two pages in the packet were a motion for reduction of sentence bearing No. 91—CF—475 and a supporting affidavit; the fourth page of the sheaf was a motion to proceed *in forma pauperis* and for appointment of counsel bearing No. 91—CF—475; the fifth page was an affidavit *in forma pauperis* bearing No. 91—CF—475; the sixth page was a verification statement; and the seventh page was a proof of service showing service on the Adams County circuit clerk's office and the State's Attorney's office. The demand for final disposition, a Montgomery County form, was the third page of this sheaf. The demand referenced sections 3—8—10 of the Unified Code and 103—5(b) of the Code and provided the name of defendant, the place of present commitment, the length of the remaining term, and the county of the pending charges. The demand left blank the space on the form for the case number; in the space for "Known Pending Charges," defendant's typed response was "UNKNOWN"; further, the demand did not show proof of service upon the chief administrative officer of the DOC facility to which defendant was committed.

On September 15, 1992, defendant was finally arraigned on the indictment in No. 92—CF—11. He received a copy of the indictment, requested and had counsel appointed, and was granted a continuance to October 6, 1992. On September 22, 1992, appointed counsel filed a speedy trial demand. On September 29, 1992, appointed counsel moved to withdraw. On October 6, 1992, defendant filed a *pro se* motion to dismiss for the State's failure to bring him to trial within 160 days; appointed counsel was permitted to withdraw that date and substitute counsel was appointed.

On November 4, 1992, a hearing was held on the motion to dismiss for failure to afford defendant a speedy trial. The State acknowledged defendant's sheaf of papers was received by the circuit clerk's office and the State's Attorney's office but argued the demand for speedy trial was misfiled because specific charges were not included and the document was but one in a packet of documents bearing No. 91—CF—475. The State noted the trial judge in No. 91—CF—475 had acted on the demand when she ruled that since she had sentenced defendant and a notice of appeal had been filed she had no

jurisdiction. The trial court concluded, however, that defendant, on receiving the notice of judicial overhear, attempted to invoke statutory speedy trial protections, but had "no ability to know what cases are pending or not." That information was within the access and knowledge of the State's Attorney's office, but defendant "would not be able to comply with specifying the charges under these circumstances, but certainly adequately put them on notice pursuant to the items he mailed to them." The court granted the motion to dismiss and this appeal followed.

Under section 103—5(b) of the Code, "[e]very person *** shall be tried by the court having jurisdiction within 160 days from the date defendant demands trial." (Ill. Rev. Stat. 1991, ch. 38, par. 103—5(b).) Section 3—8—10 of the Unified Code states:

> "Except for persons sentenced to death, subsection (b) *** of Section 103—5 of the Code of Criminal Procedure of 1963 shall also apply to persons committed to any institution *** of the Illinois Department of Corrections who have untried complaints, charges or indictments pending in any county of this State, and such person shall include in the demand under subsection (b), a statement of the place of present commitment, the term, and length of the remaining term, the charges pending against him or her to be tried and the county of the charges, and the demand shall be addressed to the state's attorney of the county where he or she is charged with a copy to the clerk of that court and a copy to the chief administrative officer of the Department of Corrections institution or facility to which he or she is committed. The state's attorney shall then procure the presence of the defendant for trial in his county by habeas corpus. Additional time may be granted by the court for the process of bringing and serving an order of habeas corpus ad prosequendum. In the event that the person is not brought to trial within the allotted time, then the charge for which he or she has requested a speedy trial shall be dismissed." Ill. Rev. Stat. 1991, ch. 38, par. 1003—8—10.

Speedy trial issues are to be determined so as to give effect to the legislative intent, and not by a mechanical application of the statutory language. (*People v. Garrett* (1990), 136 Ill. 2d 318, 331, 555 N.E.2d 353, 359; *People v. Turner* (1989), 128 Ill. 2d 540, 550, 539 N.E.2d 1196, 1199 (defendant expressly agreed to later trial date, so motion for discharge under section 103—5(a) of the Code (Ill. Rev. Stat. 1985, ch. 38, par. 103—5(a)) was properly denied); *People v. Reimolds* (1982), 92 Ill. 2d 101, 106, 440 N.E.2d 872, 874.) On a motion for discharge, defendant bears the burden of establishing facts which show a violation of the statute. *Turner*, 128 Ill. 2d at 550, 539 N.E.2d at 1199.

This court has held the speedy trial provisions impose a burden on defendant to file a demand sufficient to put the State's Attorney on notice that defendant is invoking his right to a speedy trial under the statute. (*People v. Ground* (1994), 257 Ill. App. 3d 956, 629 N.E.2d 783.) In *Ground*, defendant filed an entry of appearance in a pending case that included the language " '[d]efendant *** hereby requests immediate trial by jury.' " (*Ground*, 257 Ill. App. 3d at 957, 629 N.E.2d at 784.) We held defendant's demand was insufficient because the intent of section 103—5 of the Code is that a defendant's demand be clear and unequivocal. Courts should not tolerate conduct by defendants "that smack[s] of efforts to hide or bury their intent to invoke the speedy trial provisions." *Ground*, 257 Ill. App. 3d at 959, 629 N.E.2d at 785.

Defendant's demand here, like the demand in *Ground*, was not clear and unequivocal: it was filed in a sheaf of papers otherwise bearing the No. 91—CF—475, and was entitled "Demand For Final Disposition," although it did mention the specific sections 3—8—10 and 103—5. It specified the charges pending as "UNKNOWN." Defendant gave no information regarding the charges—such as the notice of overhear he had obtained, the nature of the charges, or the date of the incident—which might have served to put the State on notice that his request pertained to No. 92—CF—111. Although there is no evidence defendant intentionally tried to mislead the State, his request was not clear enough to put the State on notice that he was requesting a speedy trial in this case. The State is entitled to know when the speedy trial clock has begun to run.

■ Strict statutory compliance with section 3—8—10 of the Unified Code is not required if, under the circumstances of the case, the State was clearly on notice of the matters not set out in the demand (*People v. Staten* (1992), 236 Ill. App. 3d 1032, 602 N.E.2d 942, *appeal allowed* (1993), 149 Ill. 2d 659), or if the evidence shows the State's Attorney was on notice but intentionally disregarded the demand because of a technical deficiency and delayed bringing the defendant to trial without justification (*People v. Jackson* (1992), 235 Ill. App. 3d 732, 601 N.E.2d 1317).

In *Staten* the defendant was an inmate at a correctional facility when he was charged by information with unlawful possession of a weapon by a person in custody at a DOC facility. Defendant's court-appointed attorney made an appearance for the defendant the following week and demanded a jury trial. The jury trial demand, which was forwarded to the State's Attorney and the court clerk, specifically invoked the provisions of section 103—5(b) of the Code. (*Staten*, 236 Ill. App. 3d at 1033, 602 N.E.2d at 943.) The defendant

was not brought to trial, however, until six days after the 160-day time limit, and the *Staten* court agreed he was entitled to be discharged and the charges against him must be dismissed. (*Staten*, 236 Ill. App. 3d at 1034, 602 N.E.2d at 943-44.) The State argued the defendant's speedy trial demand was insufficient under section 3—8—10 of the Unified Code because it failed to include the present place of commitment, the term, the length of the remaining term, the charges pending, and the county in which the charges were pending. (*Staten*, 236 Ill. App. 3d at 1034, 602 N.E.2d at 944.) The reviewing court, noting section 3—8—10 of the Unified Code, like section 103—5 of the Code, should be construed liberally, reversed the judgment and dismissed the charges. Although section 3—8—10 was designed to enable counties to more easily locate and obtain speedy trials for defendants committed to DOC, the State knew exactly where defendant Staten was incarcerated, especially since the fact of his incarceration was an element of his offense. Consequently, the court found that requiring the defendant's speedy trial demand to include all the specific elements in section 3—8—10 of the Unified Code would be a needless formality. (*Staten*, 236 Ill. App. 3d at 1034-35, 602 N.E.2d at 944.) This is not such a case.

In *Jackson*, evidence was presented that the State's Attorney intentionally ignored the defendant's demand for a speedy trial, because he knew it was technically deficient. We there admonished the State for intentionally using procedural devices to support a delay of trial without legitimate basis. (*Jackson*, 235 Ill. App. 3d at 740, 601 N.E.2d at 1322.) Although the State in this case may have been able to resolve defendant's case more expediently, there is no evidence of intentional wrongdoing on the part of the State's Attorney. Unlike *Jackson*, the State here did not have actual notice that a speedy trial request had been made, precisely because defendant's failure to comply with section 3—8—10 of the Unified Code and include the charges pending, and his inclusion of the demand in a sheaf of papers bearing another case number resulted in a misfiling of the request.

■ The language of section 3—8—10 of the Unified Code states the defendant "shall include" certain elements in his request for a speedy trial. While it may sometimes be difficult for incarcerated persons to obtain all of this information (see *People v. Fly* (1993), 249 Ill. App. 3d 730, 732-33, 619 N.E.2d 821, 823-24 (circuit clerk and counselor at correctional facility mistakenly informed defendant there were no charges against him; nevertheless, in the absence of a demand, 160-day term did not commence)), the legislature intended this section to apply to incarcerated defendants, and still saw fit to

include these specific requirements. Defendant is relying on a statutory remedy, but failed to supply the statutorily required elements in his demand. Consequently, defendant's speedy trial demand was insufficient, and the trial court erred in dismissing the charges against him. Therefore, we reverse and remand.

Reversed and remanded.

KNECHT and STEIGMANN, JJ., concur.