THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ERIC ROBERSON, Defendant-Appellant.

Fourth District   No. 4—96—0162

Opinion filed June 23, 1997.

Daniel D. Yuhas and Judith L. Libby, both of State Appellate Defender's Office, of Springfield, for appellant.

Michael D. Clary, State's Attorney, of Danville (Norbert J. Goetten, Robert J. Biderman, and Timothy J. Londrigan, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

On April 13, 1995, defendant, Eric Roberson, was charged with the offense of possession of a controlled substance with intent to deliver 15 to 100 grams of a substance containing cocaine in violation of section 401(a)(2)(A) of the Illinois Controlled Substances Act. 720 ILCS 570/401(a)(2)(A) (West 1994). Defendant was tried before a jury on August 22, 1995, and convicted. He was sentenced to a term of eight years' imprisonment in the Department of Corrections. Defendant appeals his conviction, claiming the trial court abused its discretion in denying his motion for discharge for failure to bring him to trial within 120 days from the date he was taken into custody in violation of the speedy trial provision of the Code of Criminal Procedure of 1963 (Code). 725 ILCS 5/103—5 (West 1994). We agree and reverse in part, vacate in part, and remand with directions.

Defendant was arrested and charged on April 13, 1995, and remained in custody until the date of his trial. Under the speedy trial provision of the Code, he was required to be brought to trial by August 11, 1995, unless there were delays attributable to defendant. 725 ILCS 5/103—5(a) (West 1994). The record indicates no delays attributable to defendant. Through a unique set of circumstances, the trial was delayed past the original 120 days defendant was in custody.

A jury was selected to hear defendant's case on July 17, 1995. The jury, although chosen, was not sworn that day. The next scheduled day of trial was July 20. That morning, Assistant State's Attorney Larry Mills appeared before the court to make an oral motion for "a recess of the trial until Tuesday, July 25th." In support of his motion, he stated the assigned attorney originally scheduled to try the case was taken ill suddenly during the night and hospitalized. Mills would be taking over the case but was not prepared to proceed to trial that morning.

Defense counsel stated she had no objection but wanted to make sure the record indicated the delay would not be attributed to defendant. The trial court granted the continuance due to a medical emergency and specifically stated it would not be attributed to either the State or defendant. The trial court then brought in the jury and informed it of the delay and asked if any member had a difficulty returning in five days. No one expressed such a difficulty and the case was continued until July 25.

The case did not proceed to trial on July 25, but there is no explanation on the docket sheet. On August 14, 1995, the State filed a motion for mistrial. Attached to the motion was an affidavit signed by Mills in which he stated the circumstances surrounding the delay in trial from July 20 to July 25. He further stated after the trial was continued to July 25 he contacted the State's witnesses, one of whom was a forensic scientist from the Springfield crime lab, and found out he was unavailable on July 25 due to a prior subpoena for another trial. Mills then contacted defense counsel, who was unwilling to stipulate to the testimony of the witness. Mills stated he then informed the trial court of this problem and the July 25 trial date was stricken. We note the State failed to file a motion under section 103—5(c) of the Code (725 ILCS 5/103—5(c) (West 1994)) within the 120-day time frame.

Mills then stated the trial court was unable to reschedule the trial within the term of service of the jury previously picked so, on August 14, he moved the trial court to declare a mistrial and reset the case for trial on August 21, 1995.

The State's motion was heard on August 14. The trial court noted

the jurors had been picked but not sworn, despite a docket entry to the contrary. Defense counsel agreed the jurors had not been sworn. The trial court ordered the docket entry changed to read "Jury selected." As the jurors were not sworn, the trial court found jeopardy had not attached and there was no need to obtain a mistrial. The trial court set the case for trial on August 21, 1995.

On August 18, 1995, defense counsel moved for discharge under the speedy trial provisions of the Code. 725 ILCS 5/103—5(a) (West 1994). The motion alleged 120 days had expired on August 11, 1995. The motion was denied after the trial court found the delays were attributable to illness on the part of the prosecutor, the trial court's own vacation of two weeks' duration the following week, and the unavailability of a witness after the trial had been rescheduled. The jury was discharged after July 25 because in Vermilion County jurors sit for two-week periods and its term was completed. The jurors were released because they were not sworn. There was no objection to the release of the jurors by any party.

A jury was picked and sworn on August 21 and defendant was found guilty. Defendant again raised the issue of a failure to bring him to trial within 120 days in his posttrial motion but it was also denied. This appeal followed.

When the trial court allowed the State a delay of five days on July 20 due to the illness of the prosecuting attorney, it specifically stated the delay would not be attributed to either party. This statement skews the focus of the speedy trial inquiry. Defendant has the right to be tried within 120 days. The State has no similar right. Once a determination is made a delay is not attributable to a defendant, no further comment is necessary. To say the delay is also not attributable to the State has the effect of charging the delay to the defendant. The five-day delay was not attributable to defendant and the 120-day period continued to run. Defendant was not brought to trial until August 21 and there were no delays attributable to him. No explanation has been given as to when the State's unavailable witness was next available and why the trial could not have been held *before* August 21. The State has a continuing burden to take the necessary steps to bring about a prompt trial. *People v. Perkins*, 90 Ill. App. 3d 975, 979, 414 N.E.2d 110, 114 (1980).

■ The right to a speedy trial is guaranteed by the federal and Illinois Constitutions. U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, § 8. These constitutional provisions guarantee the right to a speedy trial but do not specify a timetable. This is provided in section 103—5 of the Code. The supreme court has recognized a difference in the statutory right to a speedy trial and the constitutional right.

*People v. Staten*, 159 Ill. 2d 419, 426, 639 N.E.2d 550, 554 (1994); *People v. Garrett*, 136 Ill. 2d 318, 323, 555 N.E.2d 353, 356 (1990). Under constitutional analysis, violations of a defendant's right to a speedy trial depend on factors such as the length of the delay, the reasons for the delay, the defendant's assertion of the right, and prejudice to the defendant caused by the delay. *Barker v. Wingo*, 407 U.S. 514, 530, 33 L. Ed. 2d 101, 116-17, 92 S. Ct. 2182, 2192 (1972).

■ Under section 103—5(a) of the Code, the State is required to bring a defendant to trial within 120 days after being taken into custody without the necessity of a speedy trial demand. *Garrett*, 136 Ill. 2d at 329, 555 N.E.2d at 358. Proof of a violation of this statutory right has been held to require only that a defendant was not brought to trial within 120 days and the defendant did not cause or contribute to the delay. *Staten*, 159 Ill. 2d at 426, 639 N.E.2d at 554; *People v. Richards*, 81 Ill. 2d 454, 459, 410 N.E.2d 833, 836 (1980). A defendant relying on the statutory right to a speedy trial need not show prejudice resulting from the delay. *Staten*, 159 Ill. 2d at 426-27, 639 N.E.2d at 554.

The State does not argue there was delay attributable to defendant. Instead, the State argues the issue here is controlled by the decision in *People v. Williams*, 59 Ill. 2d 402, 320 N.E.2d 849 (1974). In *Williams* (59 Ill. 2d at 405, 320 N.E.2d at 850), the supreme court held trial was commenced on the 119th day of the running of the speedy trial statute by "beginning the process" of selection of the jury. Thus, according to the State, defendant's trial for speedy trial purposes was commenced on July 17, well within the 120-day period prescribed by statute.

Defendant notes a crucial difference between the facts in *Williams* and those presented here. In *Williams*, the defendant was tried by the same jury whose selection was begun on day 119. In this case, however, the jury that was selected within the 120-day period was not sworn and was ultimately dismissed before defendant was tried and another, entirely new jury was selected after the 120-day period had expired. This was the jury that tried his case.

Defendant relies on the decision in *Perkins*. In *Perkins*, a jury venire was assembled within the 120-day statutory speedy trial period. The venire was sworn as prospective jurors. Before the *voir dire* examination was commenced, the trial court discovered all of the venire members were on their second week of jury service and would be inconvenienced by a requirement to return for a third week of duty the next week for a trial expected to last 10 days. The trial court then dismissed the entire venire and the defendant was later tried before a jury selected from a completely new venire after the

120-day period had expired. *Perkins*, 90 Ill. App. 3d at 977-78, 414 N.E.2d at 112. The State relied on the supreme court decision in *Williams* and argued the swearing of the venire had begun the jury selection process and the trial was begun within the 120-day period. The first district in *Perkins* noted *Williams* stood for the proposition the fact jury selection is not finished within 120 days is not controlling so long as the selection process has begun within the 120-day period. *Perkins*, 90 Ill. App. 3d at 977, 414 N.E.2d at 112. The *Perkins* court found the procedure used in that case did not constitute the " 'beginning of the process' " of jury selection as envisioned by *Williams*. *Perkins*, 90 Ill. App. 3d at 978, 414 N.E.2d at 112.

No other reported case has been located that deals with the issue before us except for *People v. Staten*, 236 Ill. App. 3d 1032, 602 N.E.2d 942 (1992), which was reversed in *Staten* (159 Ill. 2d 419, 639 N.E.2d 550) without the supreme court dealing with the issue of when the jury selection process begins for purposes of the speedy trial provision. However, the fifth district in *Staten* found *Williams* inapplicable and followed the decision in *Perkins*, where jury selection was begun within the statutory period but was not completed due to a failure to select a 12-person jury without first exhausting the jury pool. The trial court excused the jurors selected and reset the trial for the next jury setting, which was beyond the statutory period. Thus, new jurors were required to be selected to try the defendant. The court in *Staten* found the aborted jury selection proceedings did not constitute the beginning of the jury selection process to satisfy the speedy trial statute under *Williams*. *Staten*, 236 Ill. App. 3d at 1036, 602 N.E.2d at 945.

■ We agree with the *Perkins* court. The decision in *Williams* is inapposite to a situation where the jury selected within the 120-day statutory speedy trial period is not the jury that ultimately tries a defendant. The court in *Perkins* noted the prejudice to the defendant due to the actual jury not being selected for another 14 months. We do not have such a long delay here. It is not necessary to show prejudice for a statutory speedy trial violation. *Staten*, 159 Ill. 2d at 426-27, 639 N.E.2d at 554. All that is necessary is that trial began beyond the 120-day statutory period through no delay attributed to defendant. *Staten*, 159 Ill. 2d at 426, 639 N.E.2d at 554; *Richards*, 81 Ill. 2d at 459, 410 N.E.2d at 836.

Where a jury has been selected but not sworn and is later dismissed and a new jury is selected from an entirely different venire, a defendant's trial does not commence for purposes of statutory speedy trial rights upon the selection of the first jury. We agree with the court in *Perkins* that to hold otherwise would be to countenance

a technical evasion of the speedy trial provision. *Perkins*, 90 Ill. App. 3d at 978, 414 N.E.2d at 112.

Accordingly, we reverse defendant's conviction, vacate the sentence, and remand for entry of an order of discharge under the speedy trial provision.

Reversed in part, vacated in part and cause remanded with directions.

STEIGMANN, P.J., and McCULLOUGH, J., concur.